## DRAINE v. SMELSER & HENDERSON.

1. A court of law is competent to control the acts of its officer in the execution of its process, and, when satisfied, that a sale, made under it, is affected with fraud, or that the officer has been guilty of an irregularity to the injury of either party to the process, will ser aside such sale.
2. An agent, appointed by the Bank of the State of Alabama, or one of its Branches, under the statute of 1843, to execute the process, is the sheriff of the Bank, and is invested with the power and authority to perform the duties of his office by deputy.
3. A sale of land will not be set aside, because made under several executions at one and the same time.
4. Where land of the value of $800, is sold by an officer under legal process for $400, in the absence of fraud and irregularity in the officer, the sale will not be set aside for inadequacy of price.

Error to the County Court of Morgan.   Before the Hon. William H. Campbell.

THIS was a motion by defendants in error, to set aside a

sale of land. The Branch Bank at Decatur, on the 21st of February, 1839, obtained three judgments in the County Court of Morgan; one numbered 1031, for $204 90, besides costs, against Smelser, Alexander and Henderson : another, numbered 1038, against Isbell, Boyce and Smelser, for about $160, besides costs; and the other, numbered 1785, against Smelser and Alexander, for $463 debt, and $113 20 damages. Executions from term to term, issued on said judgments, and on the 4th of November, 1844, were levied by the deputy agent of the bank, on a quarter section of land, as the property of Smelser, and also as the property of Henderson, which was sold on the 6th of January, 1845, at public outcry, under all three executions, and purchased by Thomas L. Draine, the plaintiff in error, for $400. Draine paid the purchase money, and received a deed from the agent of the bank. At the July term of the county court, 1846, Smelser and Henderson moved for a rule against the bank, the agent, and the purchaser Draine, to show cause why the sale should not be set aside; and they filed their affidavits, setting forth the recovery of the judgment, and the sale, &c. The grounds stated in these affidavits, why the sale should be set aside, are, that the land was sold under all three of the executions, at once; that the judgment for about $160, No. 1038, had been paid before the sale, by previous levies and sales; that the *fi. fa.* issued on the last named judgment, No. 1785, was entitled to large credits, and although some were endorsed thereon, no mention of such credits was made by the deputy agent at the time of the sale : and that at the time of the sale, said land belonged wholly to Henderson, and was not strictly liable to said judgments against Isbell, Boyce and Smelser, and Smelser and Alexander, and that before the sale Henderson proposed to pay off the first judgment, No. 1031, for $204 90, in full, and requested a postponement of the sale, which the agent refused. The land is stated to be worth $800.

On these affidavits a rule was ordered against the bank, the agent of the bank, and the purchaser, to show cause why the sale should not be set aside. Notice being served upon the parties, the purchaser appeared, and resisted the motion, but the bank and the agent declined to take any part in it.

The affidavits of Henderson and Smelser were not contradicted, nor does it appear that any other proof was offered. The county court set aside the sale, and this action of the court is now assigned as error.

L. P. WALKER, for plaintiff in error.

1. The power of a court to set aside a sale made under its process, is confined to cases where there has been an *improper* execution of a *fi. fa.* Where the sheriff has committed some irregularity, mistake or fraud, or where the purchaser has been guilty of fraud. It would seem from the cases that this is the limit of the power, and that it does not extend to cases where the purchaser has committed no fraud, and the sheriff has been guilty of no mistake or irregularity. 9 Port. 679; 2 Ala. 682; 4 ib. 321, 402 6 ib. 221; 10 ib. 293; 13 ib. 289.

2. If it is true that it is only for some irregularity, or mistake or fraud, in the *mode* of *executing* a *fi. fa.*, that a sale will be set aside—then this is not the remedy when the judgment has been satisfied before the levy, or before the issuance of the execution, as the affidavits here state. The proper course would be *injunction* or *supersedeas*. As to *supersedeas*, see 4 Ala. 572; 7 ib. 469; 13 ib. 469; 8 ib. 848; 7 ib. 568; 10 ib. 281; 5 ib. 629. But see 2 U. S. Dig. 355, § 919; 3 Dana's Rep. 95.

3. The only *irregularity* in the *mode* of *executing* the *fi. fas.*, worth notice, mentioned in the affidavits or the rule to show cause, is that the land was sold under several levies at the same time; whereas it should have been separate under each. Does not the language of the court, 13 Ala. 520, at the top, (Powell. v. The Governor,) seem to recognize that a sheriff may sell at the same time under several executions? See also, 4 Ala. 93.

4. The inadequacy of price mentioned in the affidavit, is no cause for setting aside the sale. 13 Ala. 516 : 2 U. S. Dig. 354, § 900.

5. The quashing of an execution for irregularity, does not of itself, set aside a sale of land made under it. For, should the sale be set aside, if the purchaser, without notice of the

irregularity, has paid his money, and obtained a deed, the *onus* of proving such notice, lies on the party making the motion. Chambers v. Stone & Pope, 9 Ala. Rep. 261.

6. The affidavits of the defendants in execution are not competent proof to authorize a court to set aside a sale. A motion of this sort, is a *suit*, and the showing should be made by the testimony of witnesses, subject to cross examination. The affidavits serve only as a foundation for the rule to show cause. Before the order is made, further proof should be required.

7. That Smelser had no title to the land, is no ground for a motion to set aside the sale. The proper *forum*, in such a case, is a court of equity. 5 Cowen, 38.

T. M. PETERS, contra.

1. The bank agent was appointed to perform the duties of sheriff for the bank, and the rules applicable to sales by sheriffs, are applicable to bank agents' sales under execution. 1 Clay's Dig. 118, § 86.

2. It follows then, that sales by bank agents would be set aside for like irregularities that a sheriff's sale would be set aside. Like reason doth make like law. Co. Litt. 10, a. Sheriff's sales will be set aside, and the deed of the purchaser declared void, if the sheriff is guilty of a *mistake, irregularity* or *fraud*, to the prejudice (injury) of either party to the *fi. fa..* or a third person : and this though a deed has been executed to the purchaser, at any time before the purchaser gets possession. Mobile Cotton Press v. Moore & Magee, 9 Por. Rep, 679 ; 6 Ala. 221 ; Abercrombie et al. v. Conner, 10 ib. 293 ; 9 Port. 679.

3. In such cases, the proceeding is by motion to the court, whence the *fi. fa.* has issued, made by the party complaining of injury. This is founded on and supported by the affidavits of the party making the motion, and others acquainted with the facts. These affidavits may be contradicted by counter affidavits on the other side ; and the affidavits on both sides, and by both parties, will be heard in their own favor. Such affidavits may be sworn before the judge of the court ; before the clerk in open court ; before any foreign judge or justice of the peace, or before a commissioner ap-

pointed by the court. Faulkner et al. v. Chandler, 11 Ala. 725; 9 Port. 679; 2 Arch. Pr. 302; 2 Arch. Pr. 32; also " motions" in Chitty's Gen. Pr., Tidd's Pr., Dunlap's Pr.

4. But should the court think differently on this point, then the sale was properly set aside, because it was irregular; 1. because the land sold is proven to have belonged to Henderson. The judgment against him was for about $200. This he proposed to pay in cash on the day of sale, to save his land from sacrifice. This it was his right to do, or to substitute other property. Allen's Sheriff, 169; 1 Archb. Pr. 296; 5 Cowen's Rep. 248; 2 Lev. Rep. 203; Bennett v. Bass et al. 10 Ala. Rep. 951; Allen's Shff. 197, parag. 2; Clay's Dig. 205, § 18. This the officer refused to allow, and land worth $800 was sacrificed for $400. This was a very great *injury* to Henderson.

5. Again—In the second place, the land sold was a *quarter section*, containing 160 acres; and it could have been divided into *two* parcels of 80 acres each, or into *four* parcels of 40 acres each—such divisions being common and usual in the sale of lands by the general government to the citizen. The deputy should therefore have sold in *parcels*, and not *en masse*, as he did. Such sales are not to be tolerated. Allen Shff. 188; 1 John. Ch. Rep. 502; 2 Cowen's Rep. 139; 13 John. R. 132; Rawley v. Brown, 1 Binney's Rep. 61; Groff v. Jones, 6 Wend. R. 522; Ryerson v. Nicholson, 2 Yeates' R. 516; Nesbit v. Dallam, 7 Gill & John. R. 512; 9 Port. 679; 14 John. Rep. 352; 17 ib. 116; 8 ib. 333; Allen's Shff. 171; Powell v. Governor, &c., 9 Ala. Rep. 36, et seq.

6. The lands being shown to belong to Henderson, it was irregular and oppressive to have sold *more* of his land than was necessary to have paid his debt and costs, which was about $200. The sheriff makes himself a trespasser, if he unnecessarily makes an excessive levy and sale; and at common law, if he *wantonly* levied and sold more than enough to pay the judgment and costs, and the defendant was greatly injured and prejudiced thereby, besides being liable *civilly*, in an action for damages, to the defendant, the officer was also indictable for misconduct in office, which was a misdemeanor. In such cases the sale would be set aside. Robets v. Beeson, 4 Port. 164; Carlisle v. Carlisle, 7 Marsh,

Rep. 625; Knight v. Applegote's heirs, 3 Monr. Rep. 388; 9 Port. 679; Smith v. Locke, 4 Ala. 288; Allen's Shff. 171, ¶ 2; 2 Bac. Abr. 739; Sayer's case, Cro. Jac. 420; 6 Bac. Abr. 176. n. a; Leonard's Rep. 92, *Temp.* Elizabeth; 2 Ld. Raym. Rep. 1189; Salk. Rep. 381; Allen's Shff. 31, 199; Watson's Shff. 199; 3 Camp. R. 521; 5 Hill's R. 521.

7. If there are but *few* or no bidder's present able to buy for a fair price, it is the duty of the sheriff or officer selling, to postpone the sale, and return the process " that the goods remain in his hands unsold for want of buyers." So, in the present case, by selling *en masse,* instead of by *parcels,* all those who had *less* sumsthan $400, would have been excluded for, as the sale is for cash, the bidder who has not money enough to pay his bid, or no money at all, need not be noticed. And thus, in truth and effect, there was but *one* bidder present when this sale was made, as those with *one, two* or *three* hundred dollars were excluded, who might have bid for the parcels had the sale been properly conducted. Allen's Shff. 172; 3 Camp. R. 521; 5 Hill's R. 571; 9 Ala. 36; 7 ib. 645, 650; 1 Hill's Rep. 118; Allen, 175, 190; 2 Cowen's Rep. 139.

8· The sale under three *fi. fas.* at once, was irregular, when the parties to the *fi. fas.* are not the same. The sale under one *fi. fa.* as fully divests the defendant's right, as a sale under a greater number. Allen's Shff. 151; 10 Ala. 951; 4 T. R. 633, 648; 7 ib. 177; 3 M. & Selw. Rep. 175. Each defendant is entitled to have his *own* property sold for his *own* benefit, *separately* from a sale of any other's, that he may know specifically and precisely what it has brought, so that he may get the proper credit for the same. This cannot be done when the property is sold under several *fi. fas.* against several defendants at the same time, as was done in this instance. Such *multifarious* sales tend to confuse the title of the purchaser, and cloud it. They should not therefore be allowed, and the court did not err in setting this aside.— Clay's Dig, 206, § 24; Allen's Shff. 171, 176; 3 Cowen, 334; 7 Port. 67; 4 Ala. 288.

DARGAN, J.—A court of law *is* fully competent to control the acts of their officers, and to set aside sales made by

Draine & Smelser v. Henderson.

them, by virtue of legal process, when there has been fraud in the sale, or the officer guilty of such irregularity, as is oppressive, and injurious to the rights of either plaintiff or defendant.    9 Porter, 682, and the cases there cited.  But whether the court will interfere to set aside a sale, must always depend on the facts of each particular case, and the party moving to have it set aside, must show either fraud, or such irregularity in conducting the sale, together with injury to the rights of the party, as will satisfy the court that the sale should not be made.

The first ground relied on, to show that the sale in this case ought to be set aside, is, that the land was sold by a deputy of the bank agent.    It is contended, that although the agents of the bank, are clothed with the same powers in the execution of process in favor of the bank, that sheriffs possess by law, yet they are not authorized to appoint deputies, or to perform the duties required of them by another.    We cannot give so limited a construction to the act, authorizing the State Bank, and its branches, to appoint agents to execute process.    The act declares, that the agents shall have the same powers, shall be entitled to the same fees, and shall observe the same regulations, as the existing laws prescribe to sheriffs.    We think that this statute intends to invest the agents of the bank, with all the powers, rights, and authority, in reference to the execution of process in favor of the bank, that sheriffs possess, either by common law, or by our statutes.    In other words, the agent, is the sheriff for the bank, invested fully with all his authority, and may perform the duties of his office by deputy.

2. Nor can we yield our assent to the argument, that the sale should be set aside, because the land was sold under three executions, instead of selling under one alone.    We do not perceive any reason, why land may not be advertised, and sold to pay different judgments, nor how the title of the purchaser will be embarrassed, by selling to satisfy two, or more executions.    How can the title be defective, which the purchaser obtains by a sale under two executions at the same time, when a sale under either, would be valid?    Or why should the land bring less, or how is the defendant injured by such a sale?    If it is sold under one alone, the purchase

money must be applied to all, and we cannot see that benefit would accrue to the defendant, or plaintiff, by selling under one, or injury, by selling under all.

3. It is however contended, that the sale should be set aside, for inadequacy of price. The affidavit of the defendants, which appears to have been the only evidence on which the court acted, states, that the land was worth eight hundred dollars, but brought only four hundred.

In the case of the Mobile Cotton Press v. Moore & Magee, 9 Ala., 682, it is said, that inadequacy of price, within itself, is not a sufficient ground to set aside a sale of land. See also, Hart v. Blight, 3 Monroe, 273 ; 1 Lit. Select Cases, 256. But coupled with other circumstances, it may be. I will not lay down the rule so broad, that mere inadequacy of price may not afford, within itself, such evidences as would superinduce the belief of fraud ; or such gross neglect, in the execution of the process as would require the court to interfere, and set aside the sale. But I do not think, that the price at which the land was sold, in this case, can afford any ground, that will justify a court, in setting it aside. Nor can we perceive that there are any circumstances connected with the sale, which, in conjunction with the price at which it was sold, will warrant us in setting it aside. The land had been levied on for two months previous to the sale ; no steps were taken to pay the debts, or to stop the executions. The offer to pay one execution, if the agent would postpone the sale, created no legal obligation on him to do it, and indeed he might have subjected himself to legal liability had he complied.

But, it is contended, that the offer of Henderson to pay up the judgment against him, is a fact, or circumstance that ought to set the sale aside. If it had been shown, that the land was not legally liable to all the judgments, we should be disposed, indeed compelled, to hold this sufficient ; but it is not stated, that the land was not liable for the payment of all the judgments. Indeed, we are led to the conclusion, from reading the affidavits, that all the judgments were *liens* on the land, and if Henderson was the owner, at the time of the sale, he held in subordination to those *liens*.

The affidavits on which the rule was granted, state, that

the affiants are informed, and believe, that the judgment for $204 90, was fully paid before the sale. If this fact was so, of which however, we have no other proof than that contained in the affidavit of the parties, it could not affect the sale. The two other judgments remained unpaid, with some credits on one, the amount of which we are not advised. They were valid, and bound the land. It was duly advertised, and no act was done by the agent of the bank, the purchaser, or the plaintiff in execution, that was calculated to prevent the land from bringing its full value. The price at which it was sold, affords no evidence within itself, that will warrant us in divesting the purchaser of such title as he may have acquired; nor can we find any circumstance connected with the sale, that requires us to set it aside.

The judgment of the county court must be reversed.