# Holly *v.* Bass' Adm'r.

### *Motion to set aside Sale of Lands under Execution.*

1. *Setting aside sale under execution; grounds of motion, and diligence required.*—Courts of law and equity alike exercise the power of setting aside sales under execution, when made under judgments or decrees rendered by themselves, on the grounds of mistake, irregularity, fraud, misconduct in selling, and gross inadequacy of price; but the party asking relief must prosecute his motion within a reasonable time, as determined by the facts of the particular case, and must show that the act complained of has resulted to his injury or prejudice.

2. *Same; irregularities in decree.*—Irregularities in the decree, on which the execution was issued, can only be taken advantage of by appeal from the decree itself, and can not be made the ground of an application to set aside the sale.

3. *Same; affidavits as to price and value of lands.*—Affidavits which state simply that the lands "sold for greatly less than their value," not stating the value and price, or other facts from which these can be ascertained, being merely the statement of opinions, are not sufficient to set aside the sale.

4. *Same; defects in advertisement and notice.*—Defects in the advertisement of the sale by the sheriff, and in the notice given to the defendant in execution, are mere irregularities, and do not furnish good grounds for setting aside the sale, without proof of consequent injury to the party complaining.

5. *Affidavit before judge of foreign court.*—An affidavit made in Florida, and certified by a judge of the County Court before whom it was made, the certificate not stating that his court is a court of record, is not competent evidence (Code, § 550), since our courts can not judicially know that said foreign court is a court of record.

APPEAL from the Chancery Court of Crenshaw.

[Holly v. Bass' Adm'r.]

The record does not show the name of the presiding chancellor.

This was a motion by Alfred Holly, the appellant, to set aside a sale of lands under execution, issued on a decree rendered against him by said court, in favor of Alfred Teel, as the administrator of the estate of Bennett B. Bass, deceased. The bill in that cause was filed by said administrator, on the 16th March, 1877, against said Holly and one John Ramer; and sought to enforce a vendor's lien on lands. Holly was a non-resident, residing in Pensacola, Florida; and a decree *pro confesso* was taken against him on publication. A decree was rendered in favor of the complainant, for the purchase-money remaining unpaid, with interest; and the lands being sold under the decree, and not bringing the amount due thereon, a personal decree was rendered against said Holly, at the May term, 1879, for $1,480, the balance reported by the register to be due to the complainant. An execution was issued on this decree on the 24th May, 1879, and was levied by the sheriff on a large tract of land as the property of said Holly; and under this levy the lands were sold by the sheriff, on the 4th August, 1879, at and for the sum of $1,140.50. The record does not show the name of the purchaser.

The motion to set aside this sale was founded on these grounds, as specifically assigned: 1st, "that there was no valid judgment, authorizing the issue of the execution;" 2d, "that said decree was taken against said defendant by default, on a bill to enforce a vendor's lien on certain lands therein named, and did not pray any money decree against the defendant, and that said money demand, if any ever was made, was barred by the statute of limitations of six years;" 3d, "that no notice of the levy on said lands, or of the sale thereof, was given by the sheriff to said defendant, as required by law;" "4th, "that the lands were not all advertised according to law;" 5th, "that the sheriff made no indorsement on the execution, of the date of its reception by him;" 6th, "that the lands sold for a price greatly less than their real value."

In support of this motion, the defendant offered in evidence his own affidavit, and the affidavits of John E. Stanley and J. M. Whitehead. In his affidavit the defendant stated, that he never received any notice from the sheriff of the levy on his lands, or of the sale thereof; that the only notice of the levy which he received was in June, 1879, and came from a friend; and that the lands were sold "for greatly less than their real value—for less than one half of their market value." To this affidavit was appended the certificate of "O. M. Avery, County Judge, Escambia county, Florida," in these words:

[Holly v. Bass' Adm'r.]

"Personally appeared the above-named Alfred Holly, and acknowledged he executed the above instrument of writing, for the uses and purposes above mentioned, and signed the same in my presence. Witness my hand," &c. The court sustained an objection to this affidavit, and rejected it, because it was not shown to have been taken by or before an officer authorized to take and certify affidavits. In the affidavit of Whitehead, who was the solicitor of said Holly, it was stated that the sale was made by the sheriff between the hours of two and four o'clock in the afternoon; that he, as solicitor of Holly, forbade the sale, on the ground that it was irregular and illegal; that he asked the sheriff if he had given Holly notice, or had sent him a copy of the advertisement; and that the sheriff replied, that he had not. He produced the notice of the sale, which had been posted up at the door of the house in which the office of the probate judge was kept; and which seems to have been written in very pale ink, and to have become almost illegible. (The original was appended to the transcript, for the inspection of this court, but it has not come to the hands of the reporter.) Whitehead stated, also, in said affidavit, that he knew the value of the lands, "and that they sold for greatly less than their real value." Stanley stated, in his affidavit, that he saw the notice of the sale when the sheriff posted it; "that it was then very pale, and had faded in ten or fifteen days afterwards so that it all could not be read; that very few people were present at the sale, and that the lands sold for greatly less than their real value."

The complainant in the decree, contesting the motion, offered in evidence the affidavit of the sheriff, who stated that he advertised the levy and sale of the lands, before the courthouse-door and three other public places in the county, for thirty days before the sale, and sent a copy of said notice, by mail, to said Holly at Pensacola, Florida; that the sale was made between the hours of twelve and two o'clock; that "there was a fair crowd out for the place, there being between seventy and one hundred people in town on the day of the said sale; that he verily believes the land brought a full and fair price, and more than it could have been sold for at private sale;" and he appended to his affidavit, as an exhibit, a letter written by Holly showing that he had notice of the sale before it took place. This being all the evidence adduced, on the hearing of the motion, the court refused to set aside the sale; and its order and decree to that effect is now assigned as error, together with the rejection of Holly's affidavit.

[Holly v. Bass' Adm'r.]

J. M. Whitehead, for appellant.

W. D. Roberts, *contra.*

SOMERVILLE, J.—Courts of law and equity alike possess a species of equitable jurisdiction, which is inherent in them, and by which they assume to prevent the abuse of their process, and so to control it as to secure the ends of justice and fair dealing. And it is on the basis of this universally recognized principle that courts exercise the power of setting aside sales under execution, issued on judgments rendered by themselves. The grounds of the jurisdiction usually are, mistake, irregularity, fraud, misconduct in selling, and gross inadequacy of price.—Rorer on Jud. Sales, §§ 1081–3, 1099; *Draine v. Smelser,* 15 Ala. 423. But the party aggrieved, in such cases, is required to prosecute his motion within a seasonable time, which is determined by the facts of each particular case, and he must, furthermore, satisfy the mind of the court that the act complained of has resulted to his injury or prejudice.—*Ray's Adm'r v. Womble,* 56 Ala. 32; *Hurt v. Nave's Adm'r,* 49 Ala. 459.

Some of the objections, urged by the appellant to the sale made by the sheriff in this case, are mere collateral impeachments of the decree on which the execution issued. These, even if well taken, present irregularities which can be taken advantage of only in a direct proceeding by appeal, and they cannot be reviewed otherwise.

The affidavits, which were admitted in evidence before the chancellor, were all defective, in failing to show any inadequacy of price. It is not sufficient to show that the lands " sold for greatly less than their value." The actual value of the lands should be shown, or facts stated from which it could be deduced by the court; and also the price in money for which they were purchased at the sale, which is sought to be impeached. The mere opinions of the witnesses, unsupported by facts, cannot satisfactorily enlighten the mind of the court. Rorer on Jud. Sales, §§ 1086–1095.

The averments as to the alleged defects in the advertisement by the sheriff, and in the notice given by him to the defendant in execution, present mere irregularities, which are not shown by the record to be accompanied with results manifestly injurious to appellant. Without such proof of injury, they do not authorize the sale to be vacated.—*Ray's Adm'r v. Womble,* 56 Ala. 32; *Ware v. Bradford,* 2 Ala. 676.

The exclusion of the affidavit of the appellant, Holly, was not erroneous. The statute authorizes all affidavits, required in the commencement or progress of any suit or

judicial proceedings, to be taken without this State, only before commissioners appointed by the governor of this State, any judge or clerk of a Federal court, any judge of any court of record, or notary public, who shall certify under their hands and seals of office, if any.—Code, 1876, § 550.

There is nothing to prove the fact that the County Court of Escambia county, in the State of Florida, is a court of record, the certificate of the county judge failing even to aver it. We cannot judicially take notice of such facts existing in foreign jurisdictions.

We cannot see, in view of these principles, that there is any error in the judgment of the lower court in refusing to set aside the sale, and the judgment is affirmed.