| 83 | 120 |
|---|---|
| 93 | 91 |
| 83 | 120 |
| 94 | 344 |
| 83 | 120 |
| 113 | 117 |
| 83 | 120 |
| 122 | 527 |
| 83 | 120 |
| 124 | 348 |
| 124 | 349 |
| 83 | 120 |
| 130 | 215 |
| 83 | 120 |
| 133 | 458 |

# Ezzell *v.* Watson.

*Bill in Equity by Mortgagor, for Redemption.*

1. *Purchase by mortgagee, at sale under power; disaffirmance by mortgagor.*—When a mortgagee becomes the purchaser at his own sale, made under a power contained in the mortgage, the sale is voidable at the election of the mortgagor, seasonably expressed; but, in the absence of special circumstances, this election must be expressed within two years after the sale.

2. *Same.*—When the bill to disaffirm the sale, and to redeem, is filed more than six years after the sale, the delay in filing it is not excused

[Ezzell v. Watson.]

by the fact that a former bill was filed within one year, which was dismissed (but without prejudice), because it did not offer to redeem, nor otherwise to do equity; nor by the negligence of the complainant's solicitor in the preparation of that bill, which is regarded as the negligence of the complainant himself.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 6th May, 1884, by B. R. Garland, against R. H. Watson; and sought to set aside a sale of a tract of land by said Watson, at which he himself became the purchaser, and to redeem the land from the mortgage under which the sale was made. The complainant died pending the suit, and it was thereupon revived in favor of his administrator and heirs at law. The mortgage under which the land was sold, a copy of which was made an exhibit to the bill, was dated March 20th, 1877, and contained a power of sale on default; but there was no clause authorizing the mortgagee to become the purchaser at the sale. The sale under the power was made, after due advertisement as prescribed, on the 8th April, 1878; and the mortgagee executed a deed to himself as the purchaser, a copy of which was also made an exhibit to the bill. A bill to set aside this sale was filed by the mortgagor on the 31st March, 1879, but was dismissed by the chancellor, on final hearing on pleading and proof; and the decree was affirmed by this court on appeal, on the 8th January, 1884, with a modification of the decree so as to make the dismissal without prejudice.—*Garland v. Watson*, 74 Ala. 323. The filing of that bill, and its dismissal without prejudice, was averred by the bill in this case; and it was further averred that the complainant had never in any manner ratified the sale, but, on the contrary, had "expressed his dissatisfaction" within one year after it was made, and had attempted to set it aside by said judicial proceedings, which had failed only through the "mistaken pleading of his counsel." The chancellor sustained a demurrer to the bill, and his decree is now assigned as error.

BRICKELL, SEMPLE & GUNTER, and JACK, BULLOCK & BOLTON, for appellant, cited *Garland v. Watson*, 74 Ala. 323; and *Coyle v. Wilkins*, 57 Ala. 108.

WATTS & SON, contra, cited *Robinson v. Cullom & Co.*, 41 Ala. 639; *Byrd v. McDaniel*, 33 Ala. 18; *Cooper v.*

[Ezzell v. Watson.]

*Hornsby*, 71 Ala. 64; *Miller v. Harris*, 71 Ala. 26; *Comer v. Shehan*, 74 Ala. 452; *Cohen & Cramer v. Watson*, 73 Ala. 127: *Sanders v. Askew*, 79 Ala. 433; *Mackey v. Langley*, 92 U. S. 142; *Winchell v. Edwards*, 57 Ill. 41; *Bush v. Sherman*, 80 Ill. 160; *Baker, Lawler & Co. v. Pool*, 56 Ala. 14; *Pearce v. Winter Iron Works*, 32 Ala. 68.

SOMERVILLE, J.—Where the mortgagee becomes the purchaser at his own sale, under a power contained in the mortgage, the established doctrine in this State is, that such sale is not absolutely void, but only voidable at the election of the mortgagor, seasonably expressed. In other words, he has the optional right to affirm or disaffirm the sale within a reasonable time.—*Harris v. Miller*, 71 Ala. 26; *Dozier v. Miller*, 65 Ala. 511; *McLean v. Presley*, 56 Ala. 211; *Adams v. Sayre*, 70 Ala. 318.

What constitutes a reasonable time, under this rule, varies usually with the peculiar circumstances of each particular case. But, in view of the importance of fixing some definite time, in ordinary cases, in order to impart more certainty to the law, and afford greater repose to titles, our later decisions have inclined to settle on *two years*, as reasonable, by way of analogy to the time fixed by statute for redemption of realty sold under mortgages, and purchased by other persons than the mortgagee.—Code, 1876, § 2877; *Cooper v. Hornsby*, 71 Ala. 64; *Comer v. Shehan*, 74 Ala. 452. This limitation of two years is *prima facie* applicable, where no peculiar features mark the case, but may be shown to be unreasonably short, by proof of facts which render its application inequitable and unjust.

The present bill was filed more than six years after the mortgage sale, and, unless it can derive some aid from extrinsic facts alleged in it, the bill is undoubtedly barred by lapse of time.

The first fact relied on to preclude this bar is, that another bill was filed on the 31st day of March, 1879—within less than one year of the date of sale—expressing an option to disaffirm and set aside the sale. This bill was, however, dismissed without prejudice, on the ground that there was no averment or prayer going beyond this single purpose of desired disaffirmance—no offer being made to redeem by paying the mortgage debt, or to otherwise do equity.—*Garland v. Watson*, 74 Ala. 323. The mere filing of this bill did not operate as a disaffirmance of the sale. It expressed

[Beckert v. Whitlock.]

mental dissatisfaction in reference to the transaction, but nothing more. An election to disaffirm involves *action*, where action is requisite to do equity. The mortgage sale, as we have said, was valid until avoided. It could be avoided only by paying, or offering to pay the mortgage debt, with interest and costs of sale, subject to certain deductions incident to the mortgagee's trust relation. This the complainant failed to do before the filing of the present bill, which, as we have said, comes too late.

The only other fact alleged as an excuse for delay is based on the negligence of the attorney who filed the first bill. That is unavailing to the complainant. The negligence of complainant's attorney is the negligence of complainant himself, and he must be bound by it, as if the act were really and formally his own.

The decree of the chancellor is free from error, and is affirmed.