# Ponder *v.* Cheeves.

*Motion to set aside Sheriff's Sale of Lands under Execution.*

| 90 | 117 |
|----|-----|
| 93 | 91 |
| 90 | 117 |
| 102 | 643 |
| 90 | 117 |
| 104 | 603 |
| 90 | 117 |
| 106 | 334 |
| 90 | 117 |
| 119 | 497 |
| 90 | 117 |
| 124 | 349 |

1. *Setting aside sale of lands under execution; inadequacy of price, and fraudulent collusion among purchasers.*—A sheriff's sale of lands under execution will be set aside, on the timely application of the defendant, on proof of gross inadequacy of price—as where 2,500 acres are sold for $85, though worth between $5,000 and $10,000—and fraudulent collusion among the several execution creditors not to bid against each other, and to divide the land among them at the price bid by the nominal purchaser.

2. *Same; laches.*—A motion to set aside a sheriff's sale of lands un-

[Ponder v. Cheeves.]

der execution must be made within a reasonable time, as determined by the facts of the particular case; and acquiescence in the sale for a considerable period, with full knowledge of the facts, and unexplained, will be construed as a waiver and abandonment of the right; as here, where the motion was made more than thirteen years after the sale, and was held to be too late, although there was no proof that the defendant's possession had been disturbed, but the purchasers had brought an action to recover the land two years before the motion was made. (*Cowan v. Sapp,* 74 Ala. 44, adhered to, and declared to limit, if not overrule, *Abercrombie v. Conner,* 10 Ala. 293.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES R. DOWDELL.

This was a motion to set aside a sale of lands by the sheriff under executions against Stephen W. Herren; was made by said defendant, in the Spring of 1881, and, on his death, was revived and prosecuted by Nancy Cheeves and others, as his heirs. The lands were sold by the sheriff on the 5th August, 1867, and were bought by J. R. Hambrick, who was the plaintiff in execution. The lands contained about 2,800 acres, and were knocked down to the purchaser at the aggregate price of $85.00. The motion to set aside the sale was founded on these grounds: (1) that the defendant had, prior to the sale, claimed his homestead exemption in the "Home place," a tract containing about 1,200 acres, and the sale was made subject to it, but without setting aside a homestead to him; (2) that the price was grossly inadequate, the land being worth between $5,000 and $10,000; and (3) that there was a fraudulent agreement between Hambrick and other execution creditors, that they would not bid against each other at the sale, but would allow Hambrick to become the nominal purchaser, and then divide the land among them in proportion to their respective debts. On the evidence adduced, the court granted the motion, and set aside the sale; and its judgment, being duly excepted to, is here assigned as error.

N. D. DENSON, for appellant, cited *Cowan v. Sapp,* 74 Ala. 44.

WM. H. SMITH, Jr., and KELLY & SMITH, *contra,* cited *Abercrombie v. Conner,* 10 Ala. 296; *Ruckman v. Corey,* 129 U. S. 387; *Ray v. Womble,* 56 Ala. 33; Freeman on Executions, § 297.

STONE, C. J.—The present record presents only one question, namely: the propriety of the Circuit Court's order, setting aside and vacating the sheriff's sale and conveyance. We think, under the facts shown in the record, the sale should have been set aside, unless there is merit in the objection that

the motion came too late.—*Ruckman v. Corey*, 129 U. S. 387; Freeman on Executions, § 297.

The sheriff's sale and conveyance were made in August, 1867, under judgments and executions obtained in Randolph Circuit Court. It is not shown that the purchasers recovered possession of the lands, or took any steps with a view to obtaining possession, until the close of December, 1878, more than eleven years after the sale. The defendant, Herren, is shown to have been in the actual possession and occupancy of a part of the land when the levy was made, and that he had notice of the levy. As to the residue of the land, there is no proof that the possession and occupancy of any part of the land has been in any manner changed since the sale, or in consequence of it. Herren retained his possession till his death, which occurred within the last five years; and the land has been claimed by his heirs at law from that time till the present.

The purchasers at the sheriff's sale instituted suit—a statutory real action—against Herren, December 31, 1878, for the recovery of said lands, which suit, so far as the record discloses, has never been brought to trial. At the Spring term, 1881, of the Circuit Court of Randolph county—the court in which the said judgments against Herren were recovered—a motion was made in said court to set aside the sale of said lands, on grounds which we have said were sufficient, unless such relief had become barred by lapse of time. At Herren's death, the motion was revived in the name of his heirs at law, and was brought to trial in 1889. The Circuit Court granted the motion, set aside the sale, and vacated the sheriff's deed. We have now stated all the material facts which bear on the question before us. There is nothing shown to excuse the delay (over thirteen years) in moving to set aside the sheriff's sale, other than the failure of the purchasers for more than eleven years to institute proceedings to recover the lands.

Speaking of a motion to set aside a sale of lands made by a sheriff under execution, this court, in *Abercrombie v. Conner*, 10 Ala. 293, said: "There is no necessity for the party in possession to be active, until the purchaser obtains possession, or makes an effort to acquire it." The report of that case does not inform us what time had elapsed between the sheriff's sale, and the making of the motion to vacate it. In the later case of *Cowan v. Sapp*, 74 Ala. 44, this court reviewed *Abercrombie v. Conner*, and other decisions on the same subject, and laid down a rule that can not be reconciled with *Abercrombie v. Conner*. In the later ruling it was said: "We would hesitate to announce it as an inflexible rule, or as a

general rule, as seems to have been expressed in *Abercrombie v. Conner, supra*, that a proceeding, either at law or in equity, for the vacation of a sale of lands under legal process, will be entertained at any time before the purchaser takes possession, or recovers it by suit. Reasonable diligence, as well as good faith, should be rigorously exacted from parties seeking the disturbance of judicial sales, and the destruction of title derived from them; and whether there had been reasonable diligence, must depend upon the particular circumstances—whether they are such as may have induced inaction, or ought to have quickened vigilance and action. It is certain that a party may not, in the absence of some satisfactory excuse, enter into litigation with the purchaser claiming a recovery of the lands, speculate upon its chances, and when he finds them doubtful, or when the litigation is determined adversely to him, then resort to a proceeding, either at law or in equity, for a vacation of the sale.—*McCollum v. Hubbert*, 13 Ala. 289; *McCaskell v. Lee*, 39 Ala. 131. There can not be a time definitely settled, within which parties must resort to a judicial proceeding for the purpose of vacating the sale. The proceeding is of an equitable nature, dependent upon equitable principles, and is not capable of being controlled by fixed, inflexible rules. The rules which apply are analogous to the known rules of a court of equity in granting relief to a mortgagor, or those claiming under him, seeking to avoid a purchase by a mortgagee at his own sale, or a *cestui que trust* claiming to be relieved from a purchase by his trustee. There must not have been *laches* operating injuriously to others; and there must not have been such unexplained acquiescence for a considerable period, with full knowledge of all the facts, as would afford cogent evidence of a waiver and abandonment of the right, if it be not the equivalent of a positive act of confirmation or release."

We think the rule declared in *Cowan v. Sapp* more reasonable, and more in harmony with our rulings on kindred subjects, and we prefer to adhere to it,—although in doing so, we qualify, if we do not overrule, what seems to be the literal interpretation of the language used in *Abercrombie v. Conner*.

*Cowan v. Sapp* was a proceeding to vacate and set aside a sheriff's sale of lands. The decision was, that, "the rules which apply are analogous to the known rules of a court of equity in granting relief to a mortgagor, or those claiming under him, seeking to avoid a purchase by a mortgagee at his own sale, or a *cestui que trust* claiming to be relieved from a purchase by a trustee." Equity will grant relief to a mortgagor of real estate, sold under a power and bought by the mortgagee, the mortgage conferring on him

no authority to purchase, only when the mortgagor makes seasonable application to disaffirm the sale, and to be let in to redeem. What is a reasonable time in such cases, has been declared by this court.—*Ezzell v. Watson*, 83 Ala. 120; 3 Brick. Dig. 656, § 344.

Applying the extremest extension of the rule in such cases to the record facts before us, we feel constrained to hold that the motion to vacate the sheriff's sale was not made in time, and the motion ought to have been overruled. We offer no comments on any other aspect of the case.

The judgment of the Circuit Court is reversed, and a judgment here rendered denying the motion.