# Bolling & Son *v.* Gantt.

| 93 | 89 |
|----|----|
| 106 | 334 |
| 93 | 89 |
| 124 | 349 |

*Motion to set aside Sale of Lands under Execution.*

1. *Setting aside sheriff's sale of lands; limitation of time.*—In the absence of fraud, misconduct, serious irregularity, or other special circumstances, a motion to set aside a sale of land under execution must be made within two years from the day of sale.

APPEAL from the Circuit Court of Covington.
Tried before the Hon. JOHN P. HUBBARD.

[Bolling & Son v. Gantt.]

The appellants in this case recovered a judgment in said Circuit Court, on the 5th September, 1888, against William Gantt; and an execution issued on that judgment was levied on certain lands as the property of said defendant. At the sheriff's sale under this levy, January 7th, 1889, the plaintiffs became the purchasers, and received a deed from the sheriff. The amount of their judgment was $213.50, besides costs, and the lands were bought by them at the sale for $125. On the 27th January, 1891, the period allowed by statute for redemption having expired, the plaintiffs brought an action at law to recover the lands. On the 24th February, 1891, the defendant entered a motion to set aside the sale, on the ground of inadequacy of price paid. The plaintiffs demurred to the motion, on the ground that it came too late. The court overruled the demurrer, and, on the evidence adduced, set aside the sale as to eighty acres of the land, described as the "homestead land." The plaintiffs excepted to this ruling and judgment, and they here assign the same as error.

E. P. MORRISSETT, for appellants, cited *Ponder v. Cheeves*, 90 Ala. 117; *Cowan v. Sapp*, 74 Ala. 44; *Ezzell v. Watson*, 83 Ala. 122.

P. N. HICKMAN, *contra*.

CLOPTON, J.—No inflexible rule, as to the time within which a motion to set aside and vacate a sale of land under execution must be made, has been or can be announced. The general rule, that there must be promptness of action—no unreasonable delay—to be determined on the particular circumstances of each case, is well recognized. Ordinarily, the proceeding is regarded as equitable in its nature; and the question of *laches*, when involved, is determinable on equitable principles.—*McCaskell v. Lee*, 39 Ala. 131. In an early case, it was remarked, "that the motion should be made in a reasonable time—most regularly, at the first term succeeding the return of the process. But we will not, however, undertake to say, that there might not be circumstances under which the court should interfere at a subsequent term; especially, if there are sufficient reasons for not having sought its action earlier."—*Hubbert v. McCollum*, 6 Ala. 221. In a subsequent case, it was declared, that a motion to set aside a sale of land under execution may be made at any time before the purchaser takes possession, or recovers it by suit; the reason assigned being, that there is no necessity for the party in possession to be active until the purchaser obtains posses-

sion, or makes an effort to acquire it.—*Abercrombie v. Conner*, 10 Ala. 296. The rule thus expressed has been virtually repudiated in subsequent decisions.—*Cowan v. Sapp*, 74 Ala. 44. In *Ponder v. Cheeves*, 90 Ala. 117, STONE, C. J., says: "We think the rule declared in *Cowan v. Sapp* more reasonable, and more in harmony with our rulings on kindred subjects, and we prefer to adhere to it, although, in doing so, we qualify, if we do not overrule, what seems to be the literal interpretation of the language in *Abercrombie v. Conner*." In *Cowan v. Sapp, supra*, it is said: "The rules which apply are analogous to the known rules of a court of equity in granting relief to a mortgagor, or those claiming under him, seeking to avoid a purchase by a mortgagee at his own sale, or a *cestui que trust* claiming to be relieved from a purchase by a. trustee."

It has been held, by analogy to the time fixed by statute for the redemption of land sold under mortgages and purchased by persons other than the mortgagee, that two years is a reasonable time within which the mortgagor should become active in disaffirming and avoiding a purchase by a mortgagee at his own sale, under a power contained in the mortgage, when no facts or circumstances are proved, showing that the time is unreasonably short, and rendering its application inequitable and unjust, or no satisfactory reasons given for longer delay.—*Ezzell v. Watson*, 83 Ala. 120; *Cooper v. Hornsby*, 71 Ala. 64. The same time for redemption of land sold under execution is fixed by statute as in cases of sales under mortgages; and the same reasoning applies as to the time within which motions to vacate sales of realty under execution should be made, as in cases of sales under mortgages. The repose of titles derived from judicial sales demands, especially in view of the frequent transmissions of title in business. transactions, that, as far as practicable, some definite period of time should be fixed, in ordinary cases, within which a motion to vacate the sale should be made. There can be no sufficient reason why longer time should be allowed, in the absence of special circumstances, than is allowed for the redemption of the land. In consonance with the principles. announced in analogous cases, and with the rule declared in *Cowan v. Sapp*, with the legislative policy, and the tendency of judicial decisions to shorten the time within which parties. feeling aggrieved may seek the overthrow of titles acquired from judicial sales, we hold, that two years is a reasonable time within which a motion to vacate a sale of land under execution should be made, unless there is fraud, or misconduct, or irregularity seriously affecting the sale; or satisfactory reasons why longer time should be allowed are shown.

[Giddens v. Bolling.]

The movant was present at the sale, forbade it, and notified the persons present, that whoever bought the land would buy a law-suit; he knew by whom, and at what price, the land was purchased, and knew its value; had knowledge of all the facts. The only ground, upon which the motion to vacate the sale is based, is inadequacy of price. He permitted the time allowed by statute to expire without exercising the right of redemption, and no excuse is shown or attempted to be shown, why he did not move earlier. The motion comes too late. It is unnecessary to consider the sufficiency of the ground stated —inadequacy of price—to set aside the sale.

We are forced to reverse the judgment.

Reversed and remanded.