(85 South. 472)

**JONES v. SPEAR. (4 Div. 856.)**

(Supreme Court of Alabama. Feb. 12, 1920. Rehearing Denied June 30, 1920.)

1. **Appeal and error** ⟨⟩907(4)—**Missing evidence presumed to sustain judgment.**

Where the bill of exceptions does not purport to contain all or substantially all of the evidence introduced on a trial, the Supreme Court will presume any state of the evidence which will sustain the judgment of the trial court on the facts.

2. **Execution** ⟨⟩253(2)—**Movant to set aside sale of land must act promptly.**

Movant, in a proceeding to set aside a sale of land under execution for irregularity in the sale, must act promptly, as unnecessary, unreasonable delay is regarded as a waiver, or as acquiescence in whatever of irregularity, or illegality, or unfairness, oppression, or fraud, may have attended the sale, if of the delay there is not a clear, satisfactory explanation.

3. **Execution** ⟨⟩253(2)—**Motion to set aside sale of land after five years held too late.**

A motion to set aside a sale of land under execution, made five years after the sale, was too late under the doctrine of laches; no reasonable excuse for the delay being shown.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Motion by J. T. Jones to set aside execution sale of lands subsequently purchased by T. J. Spear. From a decree denying the motion, movant appeals. Affirmed.

See, also, ante, p. 110, 85 South. 471.

Motion by appellant to have set aside the sale of his lands upon the grounds of inadequacy of price, irregularity in sale, etc., which lands were sold under execution issued out of the Andalusia city court of law and equity on a judgment rendered against him in said court in favor of Wilder and Head. From the judgment denying the motion this appeal is prosecuted, with bill of exceptions which shows, among other things, that notice of the levy was issued and served on the defendant in execution, movant here, property duly advertised, and, after one continuance from the original day fixed, the land was sold on May 19, 1913, and deed executed the following day, J. M. Head being the purchaser who afterwards sold the land, and after the same had passed through other hands was purchased by appellee, Spear. Spear brought ejectment suit against the movant, and afterwards this motion to set aside the sale was made, being filed in September, 1918.

The bill of exceptions does not indicate that it contains all the evidence.

E. O. Baldwin, of Andalusia, and M. S. Carmichael, of Montgomery, for appellant.

The recitals at the beginning and end of the bill of exceptions and the manner in which the bill is framed make it appear that the bill contains substantially all the evidence. 65 Ala. 61; 69 Ala. 332; 180 Ala. 407, 61 South. 898. The requirements of sections 4104 and 4109 were not complied with. 81 Ala. 563, 8 South. 215. The case falls within provision to section 4134, Code 1907, and authorizes the setting aside of the sale. 201 Ala. 550, 78 South. 904; 17 Cyc. 1277. There was no laches shown. 106 Ala. 324; 18 South. 111; 187 Ala. 153, 65 South. 769; 193 Ala. 211, 69 South. 14. As to inadequacy of price, see 56 Ala. 32; 58 Ala. 206; 3 Pom. p. 1670.

A. R. Powell, of Andalusia, for appellee.

The court will presume any state of the evidence to sustain the judgment. 50 South. 1036. The movant failed to act promptly. 104 Ala. 597, 18 South. 48; 74 Ala. 44; 22 Ala. 365, 58 Am. Dec. 260; 39 Ala. 131; 90 Ala. 117, 7 South. 512; 92 Ala. 585, 9 South. 605. The recitals in the deed are prima facie evidence of the facts therein. 17 Cyc. 349.

GARDNER, J. "Courts of law and equity alike possess a species of equitable jurisdic-

tion, which is inherent in them, and by which they assume to prevent the abuse of their process, and so to control it as to secure the ends of justice and fair dealing. And it is on the basis of this universally recognized principle that courts exercise the power of setting aside sales under execution, issued on judgments rendered by themselves. * * * But the party aggrieved, in such cases, is required to prosecute his motion within a seasonable time, which is determined by the facts of each particular case, and he must, furthermore, satisfy the mind of the court that the act complained of has resulted to his injury or prejudice." Holly v. Bass' Adm'r, 68 Ala. 206.

[1] There was much conflict in the evidence, the trial being had before the court upon oral testimony. The bill of exceptions does not purport to contain all, or substantially all, of the evidence introduced on the trial of this motion, and therefore under our previous rulings this court will presume any state of the evidence which will sustain the judgment of the trial court on the facts. Lewis Land & Lumber Co. v. Interstate L. Co., 163 Ala. 592, 50 South. 1036; Evansville, Paducah & Tenn. River Packing Co. v. Slater, 101 Ala. 245, 15 South. 241; Middlebrooks v. Sanders, 180 Ala. 407, 61 South. 898; Jones v. White, 189 Ala. 622, 66 South. 605. But, were it otherwise, the same result would follow.

[2] It is well settled that a movant in a case of this character must act promptly, and that—

"Unnecessary, unreasonable delay in moving is regarded as a waiver, or as acquiescence in whatever of irregularity, or illegality, or unfairness, oppression or fraud, may have attended the sale, if of the delay there is not a clear satisfactory explanation." Pate v. Hinson, 104 Ala. 599, 16 South. 527.

No inflexible rule is laid down in this respect, but each case is to be determined on the particular circumstances presented to the court; the question of laches being determinable on equitable principles.

[3] The motion in this case was filed more than five years after the sale, and there was ample proof before the court tending to show that the defendant at the time had actual knowledge thereof; no reasonable excuse for so long a delay in moving for a vacation of the sale being shown. The affirmance could therefore well rest upon the doctrine of laches. Bolling v. Gantt, 93 Ala. 89, 9 South. 604; Ponder v. Cheeves, 90 Ala. 117, 7 South. 512.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes