139 So. 92

## WASHINGTON v. YOUNG.

2 Div. 992.

Supreme Court of Alabama.

Nov. 19, 1931.

Rehearing Denied Jan. 28, 1932.

Ivey F. Lewis, of Birmingham, for appellant.

H. A. Jones, of Tuscaloosa, for appellee.

FOSTER, J.

Our case of Ray's Adm'rs v. Womble, 56 Ala. 32, with respect to the jurisdiction of the chancery court to cancel a deed made by a sheriff on execution from the circuit court, affirmed a rule in the early history of our state as follows: "Inadequacy of price, not sufficient to create the presumption of fraud, will not vitiate a judicial sale, as it would not a private sale between individuals, of which mutual agreement is the controlling element." Lockett v. Hurt, 57 Ala. 198; Cowan v. Sapp, 74 Ala. 44; Gardner v. M. & N. W. R. R. Co., 102 Ala. 635, 15 So. 271, 48 Am. St. Rep. 84.

Though no definite limitation is fixed in which a court of equity must be called upon to vacate a sale for such cause, the rule, on motion at law to that end, and in equity, is the same, and it is that complainant must act promptly, dependent upon equitable principles and governed by the facts of each case. Cowan v. Sapp, supra; Ponder v. Cheeves,

90 Ala. 117, 7 So. 512; Holly v. Bass' Adm'r, 68 Ala. 206; Jones v. Spear, 204 Ala. 402, 85 So. 472.

But the rule of laches or limitations is also said to be analogous to the known rules of a court of equity in granting relief to a mortgagor seeking to avoid a purchase by a mortgagee at his own sale without authority in the power. Ponder v. Cheeves, supra. Without sufficient excuse, such time is fixed at two years. Ezzell v. Watson, 83 Ala. 120, 3 So. 309; Barnett v. Dowdy, 207 Ala. 641, 93 So. 638; Kelley Realty Co. v. McDavid, 211 Ala. 575, 100 So. 872.

The sale under execution sought to be set aside for inadequacy of consideration occurred in October, 1901. The father of complainant is alleged to have died in 1886, leaving a will by which an undivided one-half interest was devised to complainant in remainder after the death of the widow, to whom one-half and the life estate in the other one-half was devised. She died February 9, 1927, and this bill was filed April 17, 1929. The sheriff's deed was recorded in 1902. Complainant served one year in the penitentiary, and upon his return, resided in another county, and had no actual knowledge of the sale until after the death of the life tenant when the purchaser at such sale took possession.

Do the circumstances so alleged show laches, and make the bill subject to demurrer on that ground? It has been held that actual ignorance of the fraud, the basis of complainant's claim, does not excuse the apparent laches when he is charged by law with constructive notice of the facts on which it is based, as by the record of the conveyance. Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606.

It is not alleged in the bill that there was any concealment, or that complainant's actual ignorance was superinduced by fraud, or conduct calculated to mislead, or prevent inquiry. Peters Mineral Land Co. v. Hooper, supra; Smith v. Dallas Compress Co., 195 Ala. 534, 70 So. 662. So that there is nothing in the bill to exempt complainant from the effect of notice imputed by the public records in existence at least from 1902 to 1929, when the bill was filed.

With respect to the right of a remainderman to enforce an equitable remedy to vacate a deed, which passes the legal interest of such remainderman, by a suit to be prosecuted and maintained during the life of the life tenant, and before complainant acquired the right to present enjoyment, this court used the following language in Robinson v. Pierce, 118 Ala. 273, 304, 24 So. 984, 992, 45 L. R. A. 66, 72 Am. St. Rep. 160: "One having * * * a vested legal estate in remainder in lands, dependent upon a precedent life estate, is, by fraud and deceit, induced to sell and convey his estate to another, pending the

**234**

life estate * * * the remedy * * * is open to him at once, without regard to the life or death of the life tenant. * * * It matters not when his right of possession may accrue. * * * His restoration to his estate, established by decree years before his possessory period, is just as available to him, for all purposes, as if so established after that period. The question of the time or event of the possessory right is utterly immaterial."

In that case it was pointed out that there had been criticism of the application of that principle to the facts in the cases of Woodstock, etc., Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am. St. Rep. 73, and Lansden v. Bone, 90 Ala. 446, 8 So. 65; Lowery v. Davis (Ala. Sup.) 8 So. 79 (not reported in Alabama Reports), because in those cases the deed sought to be vacated was absolutely void and passed no legal title (Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289). But the case of Robinson v. Pierce, supra, reaffirmed the doctrine in cases where the sale did pass the legal title with only an equitable remedy remaining in complainant, which was as much available during the life of the life tenant as after her death. Smith v. Dallas Compress Co., supra (discussed in Winters v. Powell, 180 Ala. 425, 61 So. 96); Huey v. Brock, 207 Ala. 175, 92 So. 904.

In this case the sheriff's deed conveys the remainder owned by complainant in the land. It is not like a conveyance by the life tenant which only purports thus to convey it, but in fact does not. The sheriff's deed left in complainant, besides the statutory right to redeem, nothing but an equitable remedy (though it could have been asserted also by motion in the same court) to set aside the sale and vacate the deed. This right came into existence immediately after the sale. This court has held that ordinarily two years is the period of time in which this should be done. If the circumstances show that the two-year rule is inequitable, then the ordinary rules of laches and staleness apply. Some twenty-seven to twenty-eight years expired during all of which time the right existed, before as well as after the death of the life tenant. Notice of the right is imputed and ignorance of the law is no excuse. Such long delay is without legal justification and the remedy is lost by laches. Huey v. Brock, 207 Ala. 175, 92 So. 904; Peters Mineral Land Co. v. Hooper, supra; Jones v. Spear, supra; Ponder v. Cheeves, supra; Holly v. Bass' Adm'r, supra.

No other question is presented which affects the decree from which the appeal is taken.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN. JJ., concur.