209 So.2d 369

**Ouida HAND et al.**

v.

**Elizabeth Clemons BARDEN et al.**

**4 Div. 303.**

Supreme Court of Alabama.

April 4, 1968.

Rehearing Denied May 2, 1968.

---

W. Perry Calhoun, Dothan, for appellants.

Buntin & White, Dothan, for appellees.

SIMPSON, Justice.

Appellants filed a bill of complaint in the Circuit Court for Houston County seeking to cancel a sheriff's deed. The demurrers of the several respondents to the bill were sustained and the bill dismissed without leave to amend.

The appellants, in 1947, unsuccessfully contested a claim of homestead exemptions in proceedings on an estate. The decree in that matter, an exhibit to the bill considered here, states:

"Considerable cost has been incurred in the hearing of the contest filed in this proceedings. The Court is of the opinion that contestants in this proceedings and contestants in the contest of homestead exemptions, Ilean Tolar, Ester Clemons, Collie A. Clemons, and Ouida Hand, should be taxed with the costs incurred in the issuance of summons to the witnesses summoned for this hearing, the service by the sheriff of said summonses, the attendance of said witnesses, and the cost incurred in the transcription of their testimony * * *."

That decree was entered January 23, 1947.

The costs taxed against the appellants were not paid and execution was levied on their undivided ⅚ths interest in lands located in Houston County, which interest was then subject to dower and homestead rights. On May 9, 1949, that interest was sold at public outcry and purchased for $25.00. A sheriff's deed was executed on May 10, 1949, and recorded in the probate records of Houston County on June 13, 1949.

In this bill of complaint filed on January 13, 1967, they allege they have continuously been nonresidents of Alabama since prior to the time they acquired an interest in the land, and that until sometime in 1966 they were unaware a judgment had been entered against them or that there had been an execution sale of their undivided interest. The bill alleges sales price of $25.00 was so inadequate "as to be glaring and gross so as to shock the understanding and conscience of an honest and just man". The bill further alleged that the purchaser at the execution sale was the attorney who represented their adversaries in the earlier proceeding and that he died some five years earlier.

**84**

Here appellants' contend the lower court erred in holding appellants' claim to be barred by laches and refusing to permit an amendment to their bill.

■ The judicial sales price of $25.00 for an undivided ⅝ths interest in 40 acres of real estate, which is subject to homestead and dower rights, is not so inadequate as to raise a presumption of fraud when considered with the fact that some 18 years elapsed before any question was raised. As did the trial court, we find the decision in Washington v. Young, 224 Ala. 232, 139 So. 92, to be controlling.

■■ The fact that appellants are non-residents and are alleged to have had no notice of the sale is not persuasive to overcome the staleness of their demand. Voluntary absence from the state is not sufficient to excuse a delay of 18 years in bringing suit. Brody v. Maril, 208 Ala. 464, 94 So. 764. Appellants were represented by counsel at the hearing in the estate proceeding in 1947 and the sheriff's deed was recorded in 1949. With these available means for knowledge of the judgment and sale, those means are the equivalent of knowledge. Walden v. Walden, 268 Ala. 145, 105 So.2d 105.

■ There was no error in sustaining the demurrer and dismissing the bill without granting leave to amend, for it appears from the allegations that the bill cannot be reasonably subject to amendment to overcome the obvious laches and thereby give it equity. See Mitchell v. Conway, 257 Ala. 648, 60 So.2d 676; and Denson v. Foote, 273 Ala. 470, 142 So.2d 877.

There was no error in dismissing the bill.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.