## JONES, Adm'rx, *vs.* WEBSTER et al.

[TROVER FOR CONVERSION OF CROPS.]

1. *Future crops; when may be subject of mortgage.*—The crops to be grown on lands leased for three years is a proper subject of mortgage by the lessee to the lessor to secure the rent for the term.

2. *Future crops; mortgage on, when notice though not recorded.*—Where lessees shared their lease with others who were to receive half of the crop to be grown on the premises, and who knew that their copartners were the tenants of another, the latter are chargeable with notice of a mortgage on the crop given by the former to the lessor to secure the rent, although it was not recorded at the date of their contract.

3. *Trover by mortgagee against mortgagor; when will lie.*—Trover will lie in favor of the mortgagee against the mortgagor and his consignee, notwithstanding the mortgage stipulated that on or before the law day the goods were to be shipped by the mortgagor, who retained possession, to a factor of his own selection, who was to sell them for the benefit of the mortgagee, if they appropriate them to their own use, by sale or otherwise, before or after the law day.

APPEAL from the Circuit Court of Hale.

Tried before Hon. M. J. SAFFOLD.

The facts are sufficiently stated in the opinion,

GARRETT & HOBSON, for appellant.
COLEMAN & SEAY, *contra.*

[No briefs reached Reporter.]

B. F. SAFFOLD, J.—The appeal is from a judgment of non-suit taken in consequence of the adverse rulings of the court in its charges to the jury. The first count of the complaint is for the conversion of one hundred and thirty-nine bales of cotton, in the form prescribed by the Code for the conversion of chattels. There were other counts in case.

The appellant's intestate, William A. Jones, rented his plantation, called the Stephens place, to H. H. & T. J. Happel, for three years from the 1st of January, 1867. To secure the rent, they executed a mortgage to him on all of the crops of cotton to be grown on the place during the term, besides their stock of mules, implements, and other property. The conditions of the mortgage were, that by or before December 31st of each year of the lease, the mortgagors were to ship the said cotton to such factor in Mobile as they might select, who was to sell it, and out of the proceeds of the sale pay to Jones such amount as was then due for rent. But if the grantors should pay the rent at maturity, the conveyance was to be void.

After the contract of these parties, but before the recording of the mortgage, the lessees contracted with Knight & Booker to farm together on the plantation, on such terms as entitled the latter to one-half of the cotton made in 1867. Whether they had notice of the mortgage or not, they were apprised that their copartners were tenants of Jones. The mortgage was recorded May 24, 1867. During the latter part of that year the appellant, who was the administrator of the deceased lessor, became suspicious that her tenants would not dispose of the cotton as they had undertaken to do, and discovering that they had consigned the cotton crop of the year to Webster & Wilson, factors in Mobile, notified them of her mortgage and her

rights under it.   These factors had made considerable advances of money to the lessees, and expected to be reimbursed out of the proceeds of the cotton, though they had taken no lien upon it.·  They had sold some of it, before they received actual notice of the mortgage, but afterwards sold as much as seventy or more bales and appropriated the greater portion of the money to the payment of their own claims against the lessees.   They refused to account to Mrs. Jones for the amount thus appropriated, or the balance in their hands.   This is about the substance of as much of the evidence as need be stated.   The factors, with Booker & Knight and the lessee, H. H. Happel, were made defendants.   T. J. Happel was said to be insolvent.   The court charged the jury, at the request of the defendants, that upon the evidence the plaintiff was not entitled to recover on the first count in trover.

When· a person actually appropriates the property of another to his own beneficial use and enjoyment, or to that of a third person, it is a direct conversion.—Bouvier's Law Dict.   To sustain the action of trover the plaintiff must have had at the time of the conversion a complete property, either general or special, in the chattel, and also the actual possession, or the right to the immediate possession of it.—1 Chit. Pl. 148.

Mrs. Jones succeeded to the rights of her · husband, as his administratrix.   She became entitled to the cotton on the default in the payment of the rent.   It is no objection to her general property in it, or her right to its immediate possession, that the mortgage provided for its sale by a factor to be chosen by the mortgagors.—1 Par. on Contr. 571; *Forbes v. Parker,* 16 Pick.'462; *Gifford v. Ford,* 5 Vt. 532; *Willard v. Rice,* 11 Metc. 493.

Although the mortgagors had the right to send this cotton to Mobile to be sold for the benefit of the mortgagee, and the factors had the right to sell it also for her benefit, yet if it appear that prior to the sale either of them had repudiated her right, and treated the cotton as their own, or for their benefit in opposition to her right, then her right

to its immediate possession attached on account of their breach of duty.—*Tucker v. Magee*, 18 Ala. 99; *Whitlock v. Heard*, 13 Ala. 776; *Rasco v. Willis*, 5 Ala. 38.

As the title of the plaintiff to the property, an immediate right to its possession, and a conversion by the defendant, are sufficient to maintain trover, the factors are bound by the constructive notice given by the record of the mortgage, if they are entitled to notice. Neither are the defendants Knight and Booker purchasers for value without notice, &c., because they knew that the Happels were the tenants of Jones, and that the latter had a lien for the rent by law, if not by contract. They were put upon inquiry. The authorities cited by the counsel for the appellees in respect to the necessity of actual notice, refer to cases where the instruments were not authorized to be recorded.

As to whether the future crops to be grown on the leased premises were a proper subject of mortgage or not, there is not much to be said. Any property which is capable of an absolute sale may be the subject of a mortgage. The line of separation between what is a subject of sale, and what is not, is obliged to be more or less indefinite, and liable to change, according to the custom, opinion and necessity of the people generally.

As far as the judicial decisions go in determining the matter, the illustration of "the next cast of a fisherman's net" is as expressive and significant as any other. The fisherman may sell the next cast of his net, because, being a fisherman, it is his business to have a net, and to cast it within a reasonable time. It is more than probable that he will do so. But another can not sell it, because he has no control over the fisherman, and no reasonable expectation of being able to comply with his obligation. It is only possible that he may do so.

If the mortgagors had undertaken to convey the future crops they might make, without possessing any land upon which to make them, and especially without the contemplation of the immediate acquisition of some, then, certainly, their conveyance would be without operation. In

Jones, Adm'rx, v. Webster et al.

this case they had the land, and the crops conveyed were to be grown upon it during their possessory interest. The crops were an accretion or addition to the land which might very reasonably be expected to be made.— *Wilson v. Seibert,* Am. Law Reg. vol. 8, N. S., 608; 2 Kent's Com. m. p. 468; 1 Parsons on Contracts, 523; *Morrell v. Noyes,* 3 Am. Law Reg. N. S. 18. They were therefore proper subjects of mortgage. The court erred in the first charge given at the request of the defendants. It is unnecessary to consider the other errors assigned, as what we have said, and the authorities cited, sufficiently declare the law of the case.

The judgment is reversed, and the cause remanded.