[Mason v. American Mortgage Co. of Edinburgh, Scotland.]

# Mason *v.* American Mortgage Company of Edinburgh, Scotland.

*Bill to Disaffirm a Foreclosure Sale Under Power in a Mortgage.*

1. *Mortgagor may disaffirm sale under the mortgage when.*—A purchase by a mortgagee at his own sale under a power which does not authorize him to become the purchaser, arms the mortgagor with the option, if expressed in a reasonable time, of affirming or disaffirming the sale, and if he elects to disaffirm, he is entitled to redeem the lands so sold from the mortgagee.
2. *Deposition not in note of testimony not considered.*—A deposition in a chancery suit not noted by the register in the note of testimony, cannot be considered by the chancellor or by the appellate court on appeal.
3. *Mortgagor must elect to disaffim sale within two years.*—Where a mortgagee sells land under power contained in the mortgage and becomes the purchaser, a reasonable time within which the mortgagor must elect to disaffirm such sale, by analogy to the statute giving that period to redeem after valid foreclosure, is two years from the date of sale.

APPEAL from Lowndes Chancery Court.

Heard before Hon. JERE N. WILLIAMS.

Bill in equity by J. B. Mason against the American Mortgage Company of Edinburgh to redeem land sold under mortgage held by defendant against the complainant, and which lands, it is alleged, were purchased at said sale by the mortgagee. The only question considered in the opinion is the time within which mortgagor can disaffirm the sale and redeem from mortgagee land purchased by the latter at his own sale.

CHAS. A. WHITTEN and E. A. GRAHAM, for appellant.

C. BRADSHAW and JAMES E. WEBB, *contra*.

TYSON, J.—The bill in this cause was filed by the mortgagor on the 18th day of April, 1892, seeking to dis-

affirm a foreclosure sale of his land, made on the 12th day of January, 1888, under the power contained in a mortgage executed by him. The sole ground upon which the sale is attacked rests upon the want of authority in the mortgage to the mortgagee to become the purchaser at the sale and that Wheeler, the purchaser, acted as the agent of the mortgagee in making the purchase.

It is undoubtedly the law, that a purchase by a mortgagee at his own sale under a power which does not authorize him to become the purchaser, "arms the mortgagor with the option, if expressed in a reasonable time, of affirming or disaffirming the sale," and if he elects to disaffirm, he is entitled to redeem the lands so sold from the mortgagee.—*Garland v. Watson,* 74 Ala. 323 and authorities therein cited; *Ezell v. Watson,* 83 Ala. 120; *Knox v. Armstead,* 87 Ala. 511.

The material question in this case is, and the decision of which renders it unnecessary to consider any other question, has the complainant elected to disaffirm the sale within a reasonable time? More than four years elapsed between the date of the sale and the filing of this bill. The force of this fact was realized by complainant's attorneys, and in order to avoid its effect they alleged in the bill facts as an excuse for the delay. The only allegation, however, in this respect entitled to any consideration is the one based upon the want of knowledge on the part of the complainant, that until a short time before the filing of the bill Wheeler, the ostensible purchaser, was acting for the mortgagee, in the purchase of the lands. Treating for the purposes of this case the allegation as sufficient, there is an entire absence of proof of it in the record. It is true the complainant in his deposition deposed that "some three or four months before the bill was filed, I was informed that W. G. Wheeler was buying and bidding off the mortgaged lands for the said defendant company and my best information is, that the said Wheeler bid off these particular lands for the company. I have been informed that he bought the lands for the company and that no money passed between them. I received such information within the last twelve months."

Pretermitting all inquiry into the sufficiency of this

[Woodward Iron Co. v. Cook.]

evidence to establish a legal excuse for not disaffirming the sale earlier, this deposition was not noted by the register in the note of testimony and therefore cannot be considered by us, nor could it be considered by the chancellor.—Code, p. 1218, Rule 76 and authorities there cited.

Allegation without proof is as ineffectual as proof without allegation. We have then the case of a mortgagor attempting to disaffirm a sale upon the sole ground of want of authority in the mortgagee to purchase at his own sale after the lapse of four years. A reasonable time within which the mortgagor must elect to disaffirm such sale, by analogy to the statute giving that period to redeem after a valid foreclosure, is two years from the date of sale.—*Alexander v. Hill,* 88 Ala. 487; *Goree v. Clements,* 94 Ala. 337; *Bolling & Son. v. Gautt,* 93 Ala. 89; *Ezell v. Watson,* 83 Ala. 120; *Ponder v. Cheeves,* 90 Ala. 117.

The decree of the chancery court dismissing complainant's bill must be affirmed.

Affirmed.