# Elrod v. Smith et al.

## Bill in Equity by Junior Mortgagee for redemption from Prior Mortgage.

1. *Redemption by junior mortgagee from prior mortgage; sufficiency of averment of notice; demurrer.*—On a bill filed by a junior mortgagee to redeem from a prior mortgage, which has been foreclosed, the averment in said bill that "no proper notice of the sale was given," without alleging the facts as to the notice actually given, is a mere statement of the conclusions of the pleader and not equivalent to an averment of no notice, for the lack of which the sale would be invalid; and such bill is subject to demurrer for vagueness and indefiniteness in the statement of facts avoiding the sale.

2. *Same; purchase by prior mortgagee at sale under power; limitation of statute.*—When a mortgagee purchases at his own sale under a power in the mortgage, without being authorized therein so to do, the mortgagor or those holding in privity with him, has the right of election, to be exercised within reasonable time, to affirm or disaffirm the sale, and on disaffirmance to redeem; but in the absence of special circumstances excusing the delay, two years after the foreclosure is a reasonable time within which to make such election.

3. *Same; same; same.*—On a bill filed by a junior mortgagee to disaffirm a sale under a power in a prior mortgage, at which the prior mortgagee became the purchaser, without being authorized thereto, and to redeem, where it is shown that the alleged foreclosure was had more than three years before the filing of the bill, the fact that the complainant, before the lapse of two years, commenced his action in assumpsit against the mortgagor for the recovery of the mortgage debt, and awaited the determination thereof, does not constitute such a special circumstance as will excuse the delay in the filing of said bill, and relieve him from the imputation of laches.

[Elrod v. Smith *et al.*]

4. *Appeal; amendment thereof; when decree overruling motion
   to dismiss for want of equity will not be reviewed.*—Where
   an appeal is expressly limited to the decree of the chan-
   cellor on the demurrer interposed to a bill in equity, al-
   though said decree passed upon a motion to dismiss for the
   want of equity, and the bond for costs, and the certificate
   of appeal expressly recited such limitation, the filing in the
   Supreme Court of a second bond for costs and certificate
   of appeal, which were given and approved after the lapse of
   more than a year from the date the appeal was taken, in
   which it is shown that an appeal was taken from the de-
   cree on the motion to dismiss the bill for the want of
   equity, as well as on the demurrer, will not authorize the
   appellate court to consider the decree upon the motion to
   dismiss for the want of equity.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant against
the appellees. The purpose of the bill and the facts
averred therein are sufficiently shown in the opinion.

The defendant, Henry P. Smith, filed a motion to
dismiss the bill for the want of equity, and also filed
a demurrer to said bill upon the following grounds:
"First. Said original bill shows on its face that com-
plainant has no right to redeem. Second. Said ori-
ginal bill shows on its face that complainant's right to
redeem has been cut off by foreclosure. Fourth. Said
original bill shows on its face that complainant's right
to redeem is barred by lapse of time. Fifth. The aver-
ments of fact relied upon to set aside the foreclosure
are too vague and indefinite."

The cause was submitted upon a motion to dismiss
the bill for the want of equity, and upon the demurrers,
and on November 16, 1899, the chancellor rendered a
decree sustaining the motion to dismiss the bill for the
want of equity and the fourth and fifth grounds of the
demurrer, and overruled the other grounds of demurrer.
On December 9, 1899, the complainant filed a bond for
security of the costs of appeal, which, exclusive of the
signature, date and the title of the case, was in words
and figures as follows: "We, the undersigned, hereby
recognize ourselves as security for the costs of an appeal

this day taken from the decree of the chancery court on demurrers. Said appeal being taken by J. G. Elrod to reverse said decree and to secure the same, we hereby waive all exemptions under the laws of Alabama." This security for costs was approved by the register on December 9, 1899. The certificate of appeal was regular in form and recited that an appeal had been taken from the decree on the demurrers. The facts relating to the filing of the amended security for costs and certificate of appeal are set forth in the opinion. The complainant assigns as error, separately, the decree sustaining the motion to dismiss for the want of equity, and the decree sustaining the fourth and fifth grounds of the demurrer, respectively.

O. D. STREET, for appellant.—The lapse of two years from the time of the attempted foreclosure of the senior mortgage does not bar the complainant's right to redeem. The arbitrary period of two years is not to be adhered to and applied too rigidly. The pendency of other suits, which though not suspending the bar of a statute of limitations proper, is often sufficient to repel the imputation of. laches against a complainant *Pacific R. R. Co. v. Mo. Pac. R. R. Co.*, 111 U. S. 505; *Norton v. Mortgage Co.*, 113 Ala. 110; *Wills v. Dunn,* 5 Gratt. 384; 12 Amer. & Eng. Encyc. of Law, (1st ed.), 558 and notes.

AMOS E. GOODHUE, *contra.*—The lapse of two years is fatal to the relief prayed for in the bill, notwithstanding there may have been irregularities in the exercise of the power of sale and the mortgagee may have purchased at his own sale.—*Alexander v. Hill,* 88 Ala. 488; *Comer v. Shehan,* 74 Ala. 452; *Ezell v. Watson,* 83 Ala. 120.

The averment in the bill that no proper notice of the sale was given, was a mere conclusion of the pleader and rendered the bill subject to demurrer for vagueness and indefiniteness.—*Wood v. Lake,* 62 Ala. 489; *Sanders v. Askew,* 79 Ala. 435.

The court can not review the action of the chancellor in rendering a decree sustaining a motion to dismiss the

bill for the want of equity. The original appeal did not embrace this portion of the decree, and the new appeal bond and certificate of appeal, were approved and filed for more than twelve months after the decree had been rendered. The statutes limiting the time of appeal are jurisdictional; and when an appeal is not taken within the period prescribed, the appellate court has no jurisdiction and will dismiss the appeal *ex mero motu.*—2 Encyc. of Pl. & Pr. 240.

DOWDELL, J.—The bill in this case is by a junior mortgagee for redemption from a prior mortgage. It admits a foreclosure under power of sale contained in the senior mortgage, but it seeks to avoid the effect of the foreclosure and to have the same set aside and to let the complainant in to redeem upon the ground that the mortgagee, without the right to do so under the mortgage contract, became the purchaser at his own foreclosure sale. The bill also avers that "no proper notice of the sale was given." This latter averment is not the equivalent of an averment of no notice for the lack of which the sale would be invalid.—*Wood v. Lake,* 62 Ala. 489; *Sanders v. Askew,* 79 Ala. 435. Such averment, without setting out facts as to the notice given, can be treated and considered as nothing more than a statement of the conclusion of the pleader, and for vagueness and indefiniteness in the statement of facts avoiding the sale, in this phase of the case, rendered the bill demurrable.

Under the averment of an unauthorized purchase by the mortgagee at his own sale, the right of the mortgagor and those holding in privity with him to disaffirm such sale and be let in to redeem is undoubted. However this election to disaffirm must be seasonably expressed. The settled rule in this State, in ordinary cases, has fixed as a reasonable time, by analogy to the statute, two years. In the absence of special circumstances excusing the delay, a failure to act within that time bars the right, notwithstanding mere irregularities may have existed in the exercise of the power of sale.—*Alexander v. Hill,* 88 Ala. 488; *Homer v. Sheehan,* 74 Ala. 452; *Ezzell v. Watson,* 83 Ala. 120.

The bill was filed on the 7th day of March, 1899. The date of the foreclosure is not definitely stated. The allegation in this respect is that the complainant made a tender and offer to redeem about the first of January, 1896, and that subsequent to said tender and offer to redeem, said Henry P. Smith attempted to foreclose said mortgage, etc. Under the familiar rule of construing the pleading most strongly against the pleader, this allegation will be taken to mean that the alleged foreclosure was had about the first of January, 1896, more than three years before the filing of the bill. The only excuse for delay in the exercise of the right to disaffirm the sale, as shown by the bill, was that the complainant commenced his action in assumpsit against the mortgagor for the recovery of the mortgage debt and awaited the termination of such suit. The fact that the complainant was pursuing one of the several remedies he had against his mortgagor when he might have pursued all of his remedies concurrently, does not constitute such a special circumstance as to excuse his delay, nor will it relieve him from the imputation of *laches.*

The appeal in this case was taken on the 9th day of December, 1899, and was expressly limited to the decree on the demurrer. This the appellant unquestionably had the right to do. The bond for costs and the certificate of appeal are in all respects regular and free from any defect. There is nothing in the bond for costs or certificate of appeal upon which the appellee could have based any motion to dismiss. It is not a case that falls within the provisions of sections 470-471 of the Code, which provide for the amendment of appeals, bonds, and security for costs. There appears in the record a second bond for costs and certificate of appeal, made on the 1st day of February, 1901, showing an appeal from the decree on the motion to dismiss the bill for want of equity, as well as on the demurrer, which was more than twelve months after the decree and after the original appeal taken in the case. This second bond and certificate appear to have been filed in this court on the 4th day of February, 1901. It also appears from the records of this court that on the 5th day of Febru-

[Rayburn, Admr. v. Rayburn.]

ary, 1901, leave was given appellant to file amended certificate of appeal. Under this general order of leave to file amended certificate of appeal it was not contemplated that such leave would extend to the right of enlarging the appeal so as to defeat the statute limiting the time within which appeals must be taken. The right of appeal from the decree sustaining motion to dismiss the bill for want of equity, without a further order of dismissal of the bill, was barred by the statute after the lapse of thirty days. The operation of the statute cannot be evaded by the filing of the additional bond and certificate, though offered in the form of an amendment to the original appeal. As no appeal in the first instance was taken from the decree on the motion to dismiss the bill for want of equity, and as the right of such appeal was barred before the filing of the additional bond and certificate, the ruling of said court on the motion cannot be considered.

The decree of the court below is affirmed.