# Manatee County State Bank *v.* Weatherly.

*Action on Contract of Guaranty.*

[DECIDED JUNE 1, 1905, 39 So. REP. 988.]

1. *Guaranty; Guarantor; Contract.*—A guarantor is bound to the extent and in the manner stated in his contract of guaranty, and no further.

2. *Same; Variance; Effect.*—A guarantor has the right to stand strictly upon the terms of his contract, and if it be changed or varied without his consent, though he sustain no injury by the change, and even benefits from it, the change or variance is fatal to the contract.

3. *Same; Performance; Variance; Discharge of Guarantor.*—Under a written contract of guaranty, conditioned that each bill of lading should be accompanied by a certificate "that oranges were sound when loaded, and shipped according to the signed contract between M. & S. and W. & M.", the guarantor was not liable for oranges shipped under bill of lading accompanied by certificate that the oranges were "sound and merchantable when loaded."

APPEAL from Birmingham City Court.
Heard before the Hon. WM. W. WILKERSON.

[Manatee County State Bank v. Weatherly.]

The appellant here, under the contract set forth in the opinion, sued the Alabama National Bank for the value of three carloads of oranges alleged to have been shipped by McLane and Sims to Williams & Marks. The original suit against the bank was brought by James Weatherly, Esq., an attorney of the Birmingham Bar, in the city court of Birmingham, and the case resulted in a judgment for the defendant, the Alabama National Bank. For reasons stated in letters to appellant, Weatherly failed to have the bill of exceptions signed in time and thus failed to procure for appellant the reviewal of the judgment against him by the supreme court. This action is for damages against said Weatherly for a negligent failure to properly look after his client's interest. It was tried on an agreed statement of facts, which sufficiently appear in the opinion, and the further agreement that a determination of the liability of the Alabama National Bank to appellant under the contract set out, should determine Weatherly's liability to appellant in this suit. There was judgment for the defendant, and plaintiff appeals.

SAM WILL JOHN. for appellant.—By the terms of the contract, it providing that the drafts and bill of lading for the oranges should come direct to the Alabama National Bank, the contract was a direct undertaking, and not a contract of guaranty.—*Maas & Schwartz v. Montgomery Iron Works,* 88 Ala. 323.

CABANISS & WEAKLEY, for appellee.—On the agreed statement of facts in the original case, the city court properly rendered a judgment for defendant, the Alabama National Bank, and if an appeal had been prosecuted to the supreme court, that court would have been compelled to affirm the judgment of the court below, and hence no damages would have resulted to the plaintiff by reason of the failure to take such bill of exceptions and to prosecute such appeal.

The contract is not a direct undertaking by the Alabama National Bank but is one of suretyship or guaranty. That being true, the contract must be strictly construed according to the letter of the undertaking. The

surety, has a right to stand upon the very terms of his contract, and it cannot be changed in any respect. To the extent and in the manner stated in the contract he is bound and no further.—*May v. Alabama National Bank,* 111 Ala. 510; *City Council of Montgomery v. Hughes,* 65 Ala. 204; *Anderson v. Bellinger,* 87 Ala. 336; *Crescent Brewery Co. v. Handley,* 90 Ala. 486; 14 Am. & Eng. Enc. Law, (2nd Ed.) 1144; *Miller v. Stewart,* 9 Wheat. (U. S.) 680.

DOWDELL, J.—This case was tried in the court below without a jury on an agreed statement of facts, by which the issue was determined on the construction of a contract of guaranty made by the Alabama National Bank of Birmingham to the Manatee County State Bank. The said contract of guaranty was as follows: "Birmingham, Ala., Nov. 27, 1899. Manatee Co. State Bank, Palmetto, Fla.—Dear Sirs: We guarantee the payment of drafts for six cars of oranges at $2.25 per box, to be shipped by McLean & Sims to Williams & Marks or to W. & M. direct; provided each B. L. be accompanied by a certificate that oranges were sound when loaded and shipped according to signed contract between McLean & Sims and Williams & Marks. Williams & Marks to be allowed a rebate of 5 cents per box and drafts to come direct to us. Yours truly, (Signed) W. A. Porter, Cashier." The six cars mentioned were shipped and paid for and afterwards, Williams & Marks wishing to purchase four more cars of oranges, the Alabama National Bank wired the Manatee County State Bank as follows: "We guaranty four cars of oranges McLean & Sims, conditions as last six." These four cars were accordingly shipped, and Williams & Marks refused to pay the drafts for three of the cars, on the ground that McLean & Sims had not complied with their contract, and notified the Alabama National Bank that it must not pay the drafts, and that, if it did so, they (Williams & Marks) would refuse to recognize or ratify such payment. Accompanying three of the bills of lading for the first six cars of oranges were certificates of McLean & Sims stating, in substance, that the oranges were sound and according to contract. The

three other certificates accompanying the other three of the first six cars, having been lost or mislaid, were not introduced in evidence. The certificates accompanying the three cars of oranges in controversy only stated that the oranges called for by the bill of lading were sound and merchantable when loaded, without making any reference whatever to the contract between McLean & Sims and Williams & Marks, which contained stipulations as to sizes and colors of the oranges to be shipped, as well as other stipulations, and without stating that they were "shipped according to signed contract."

The rule seems to be well settled in this state that the contract of a surety or guarantor must be strictly construed according to the letter of the undertaking. The surety has a right to stand upon the terms of his contract, and it cannot without his assent be changed in any respect. To the extent and in the manner stated in his contract he is bound, and no further.—*May v. Alabama National Bank,* 111 Ala. 510, 20 South. 459; *City Council of Montgomery v. Hughes,* 65 Ala. 204; *Anderson v. Bellenger,* 87 Ala. 336, 6 South. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46; *Crescent Brewery Co. v. Handley,* 90 Ala. 486, 7 South. 912. See, also, *Miller v. Stewart,* 9 Wheat, (U. S.) 680, 6 L. Ed. 189; 14 Am. & Eng. Ency. Law (2d Ed.) 1144. In *Miller v. Stewart, supra,* it is said: "Nothing can be clearer, upon both principle and authority, than the doctrine that the liability of the guarantor is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further It is not sufficient that he may sustain no injury by the change in the contract, or even that it may be for his benefit. He has a right to stand upon the very terms of his contract, and if he does not assent to any variation of it, and a variation is made, it is fatal." Under the doctrine laid down in the above case, and applying the principle there stated to the guaranty executed by the Alabama National Bank to the Manatee County State Bank, it clearly appears that the condition of the guaranty was not complied with in the three certificates in controversy. The guaranty was conditional, as well as special. The

[Brasher v. Shelby Iron Company.]

undertaking of the Alabama Bank was to pay the drafts, if Williams & Marks did not, provided that each bill of lading should be accompanied by a certificate "that oranges were sound when loaded and shipped according to signed contract between McLean & Sims and Williams & Marks." The certificates accompanying the bills of lading of the three cars in controversy were not in compliance with the terms of the contract of guaranty. They failed to affirm that the oranges were "shipped according to the signed contract between McLean & Sims and Williams & Marks," which contract set forth specifically what proportion of different sizes there should be in each car, and also what proportion of different colors there should be. These terms and conditions are not without significance, and to hold that a certificate was sufficient which only affirmed that the oranges were sound and merchantable would be to vary the terms of the guaranty and impose a liability against which the guarantor guarded expressly by his contract. In the case before us by the agreed statement of facts the liability of the defendant in this suit was made to depend upon the liability vel non of the Alabama Bank to the Manatee Bank on the guaranty of the former to the latter, on the facts.

The trial court rendered judgment in favor of the defendant, which ruling was in accord with the views we have above expressed, and the judgment will therefore be affirmed.

Affirmed.

MCCLELLAN, C. J., and ANDERSON and DENSON, JJ., concur.