(81 South. 37)

HICKS et al. v. DOWDY. (8 Div. 50.)

(Supreme Court of Alabama. Jan. 16, 1919.)

1. MORTGAGES ⊷247 — PLEDGE — RIGHTS OF PLEDGEE.

Assignment of mortgage as collateral security for the debt of mortgagee is in substance a mortgage or pledge of transferred security, giving to assignee merely a defeasible title, which ends upon payment of the debt, leaving the ownership in the assignor precisely as if no transfer had been made.

2. PLEDGES ⊷30(4) — ASSIGNMENT OF MORTGAGE AS COLLATERAL SECURITY—RIGHTS OF ASSIGNEE—FORECLOSURE BY ASSIGNEE.

Where mortgage is assigned as collateral security for mortgagee's debt, assignee, upon foreclosing mortgage without foreclosing assignor's right and purchasing property at sale, holds the land as a substitute for the mortgage and precisely as he held the latter, and by no other or different or stronger title.

3. PLEDGES ⊷30(4) — ASSIGNMENT OF MORTGAGE AS COLLATERAL SECURITY—FORECLOSURE—PURCHASE OF PROPERTY BY ASSIGNEE.

Where pledgee of mortgage forecloses mortgage, and purchases property without foreclosing pledgor's right, whatever of benefit resulted from extinguishing the mortgagor's equity inhered in the security assigned in its changed form, and goes of necessity to him who resumes its ownership by payment of debt.

4. PLEDGES ⊷51—BILL TO REDEEM.

Generally, a bill in equity to redeem will not lie on behalf of pledgor or his representative, as his remedy, upon a tender, is at law; but if any special ground is shown, as if an account or discovery is wanted, or there has been an assignment of the pledge, a bill will lie.

5. PLEDGES ⊷51—BILL TO REDEEM—PLEDGE OF MORTGAGE—FORECLOSURE BY PLEDGEE.

Where pledgee of mortgage forecloses mortgage and purchases the land without foreclosing pledgor's right, and has in effect assigned the pledge by mortgaging the land to a bank, pledgee may bring bill in equity to redeem.

6. PLEDGES ⊷27 — PROFITS — RIGHTS OF PLEDGOR.

Pledgee must account to pledgor for all the income, profits, and benefits derived from the pledged property while in his possession.

7. PLEDGES ⊷51 — BILL TO REDEEM — ACCOUNTING — PLEDGE OF MORTGAGE — FORECLOSURE BY PLEDGEE.

Where pledgee of mortgage foreclosed mortgage and purchased the property without foreclosing pledgor's right, and received the rents and profits from the property and executed mortgage thereon, pledgor in bill to redeem pledge properly asked for an accounting.

8. MORTGAGES ⊷369(6) — FORECLOSURE — RIGHT TO DISAFFIRM FORECLOSURE SALE.

The right to disaffirm a mortgage foreclosure sale, at which the mortgagee or his assignee has become the purchaser without authority to do so, is a right accorded by law to the mortgagor, or his privies, only, and is not available to third persons.

9. MORTGAGES ⊷362 — FORECLOSURE — PURCHASE BY MORTGAGEE.

Where mortgage contained the usual power of sale, but did not authorize mortgagee to purchase at the sale, mortgagee might have bought at his own foreclosure sale, subject to mortgagor's right of disaffirmance.

10. PLEDGES ⊷30(4)—ASSIGNMENT OF MORTGAGE—PURCHASE BY ASSIGNEE—RIGHTS OF MORTGAGEE.

Where mortgage not authorizing purchase of property at foreclosure sale by mortgagee was assigned as collateral security for mortgagee's debt, and was foreclosed, and property purchased by assignee, mortgagee had no right to disaffirm purchase, having assigned right to purchase subject to disaffirmance by mortgagor to assignee, and the right of disaffirmance being only in mortgagor or his privies.

11. PLEDGES ⊷51 — MORTGAGE SECURITY — FORECLOSURE BY PLEDGEE—ACTION TO REDEEM.

Where pledgee of mortgage foreclosed mortgage and purchased property, mortgagee's prayer for another foreclosure of mortgage in his bill against pledgee for an accounting and for redemption of pledge is wholly inapt for purposes of such proceeding; the foreclosure of mortgage being an accomplished fact.

12. PLEDGES ⊷50—FORECLOSURE BY PLEDGEE—REMEDY OF MORTGAGOR.

Where pledgee of mortgage foreclosed mortgage and purchased property without foreclosing pledgor's right, mortgagee's remedy is for the redemption of his pledge.

13. PLEDGES ⊷51—FORECLOSURE BY PLEDGEE—REMEDY OF MORTGAGEE.

Where pledgee of mortgagee forecloses mortgage and purchases the property at the foreclosure sale without foreclosing pledgor's right, pledgor, upon being decreed redemption of pledge, is entitled to a decree for the reconveyance of the land.

14. PLEDGES ⊷51—FORECLOSURE AND PURCHASE BY PLEDGEE—MORTGAGING OF PROPERTY BY PLEDGEE.

Where pledgee of mortgage foreclosed mortgage and purchased property at foreclosure sale without foreclosing pledge, and subsequently executed to bank a mortgage on property so purchased, pledgor, in being decreed redemption and a reconveyance of land purchased, was entitled to credit on debt due pledgee for payment to bank of its mortgage debt.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Bill by Lee Dowdy against W. P. Hicks and others to redeem, and for an accounting, and for other relief. Demurrers to the bill were overruled, and respondents appeal. Affirmed.

The bill shows that the complainant transferred to the respondent W. P. Hicks, as col-

lateral security for complainant's own note to Hicks for the sum of $272, a certain mortgage on 40 acres of land, which mortgage was executed to complainant by William King to secure an indebtedness of $572. This mortgage contained the usual power of sale, but did not authorize the mortgagee to purchase at the sale. The bill further shows that King defaulted in the payment of the mortgage indebtedness, and respondent Hicks proceeded to foreclose the mortgage by sale under the power and himself became the purchaser of the land by indirection through an agent from whom he received the deed of conveyance reciting a consideration of $300, though no money actually passed. It further appears that said Hicks entered upon the land, and has since received the rents and profits therefrom, and that thereafter he mortgaged the land to the Farmers' & Merchants' Bank of Collinsville, who is made a party respondent. Complainant submits himself to the jurisdiction of the court, and offers to do equity by paying off the mortgage indebtedness or lien held by said Hicks against the mortgage of King. The prayer of the bill is: First, an accounting to ascertain the amount due from complainant to Hicks and secured by the mortgage lien on said land; second, that complainant be given the right to redeem the land from the attempted foreclosure sale; third, that on the accounting Hicks shall be required to account for and be charged with the rents and profits arising from the land during his possession; fourth, a decree that complainant has an existing mortgage indebtedness for said land; fifth, a decree that Hicks was not authorized to purchase at his own foreclosure sale, and that same is subject to be set aside at complainant's election as asserted in the bill; and, sixth, that the land be sold for the satisfaction of complainant's indebtedness to Hicks, and also for King's indebtedness to complainant, and for general relief.

The demurrers were addressed to the whole bill, and were as follows:

(1) Because the facts averred in the bill shows that complainant has no right to redeem from said mortgage foreclosure sale.

(2) Because the facts averred in the bill show no right in complainant against defendants or either of them to have an accounting.

(3) Because no irregularity, or invalidity, fraud, or oppression, by defendant W. P. Hicks upon or against the complainant is shown in the bill.

(4) Because the bill shows no tender by complainant of the amount of his debt to defendant W. P. Hicks.

(5) Because the bill shows no right of complaint to disaffirm said foreclosure sale.

(6) Because it is not averred that complainant is ready, able, and willing to pay and discharge his said indebtedness to said W. P. Hicks.

(7) Because no right of complaint to rents and profits of the land is shown.

(8) Because complainant has no right to have the land sold for the purpose of satisfying the debt to defendant W. P. Hicks.

(9) Because complainant cannot have said mortgage foreclosed for the payment of the debt due said W. P. Hicks.

(10) Because this bill is without equity.

Street & Bradford, of Guntersville, for appellants.

D. Isbell, of Guntersville, for appellee.

SOMERVILLE, J. [1-3] With respect to assignments of mortgages of land as collateral security for the debt of the mortgagee, and the ensuing rights and relations of the parties, we approve the following statement of the law as declared by the Court of Appeals of New York:

"That the assignment is in substance a mortgage or pledge of the transferred security; that it gives to the assignee merely a defeasible title, which ends upon payment of the debt, leaving the ownership in the assignor precisely as if no transfer had been made; that such defeasible title cannot be changed or enlarged, as against the assignor, by any act or dealing of the assignee, or his representatives, to which the assignor is not in some manner a party; that if the assignee forecloses the mortgage without also foreclosing the assignor's right, and becomes a purchaser at the sale, he holds the land as a substitute for the mortgage and precisely as he held the latter, and by no other, or different, or stronger title; and that whatever of benefit results from extinguishing the mortgagor's equity inheres in the security assigned in its changed form and goes of necessity to him who resumes its ownership by payment of the debt. The sale to the assignee, freeing the property from the mortgagor's equity, affected the relations of both assignor and assignee with the original mortgagor, but not at all their relations with each other. The security was thereby strengthened and made more valuable but remained a security still, and held by the same defeasible title and upon the same conditions as at first. That is not only the logical but the just view of the transaction. The assignee gets exactly what he bargained for, and what is his of right. While he holds the security, whether in the form of mortgage or of land, he gains the added protection of the added value; but when his debt is paid, and his title annulled, he has no claim to anything more." Matter of Gilbert, 104 N. Y. 200, 211, 10 N. E. 148, 151.

See, also, Colebrooke on Col. Securities, § 183, and 31 Cyc. 831, c, where the law is thus substantially stated.

[4] The assignor's ultimate right extends no further than the redemption of his pledged securities from his assignee before his foreclosure of the pledge. "Generally speaking, a bill in equity to redeem will not lie on the behalf of the pledgor or his representative as his remedy, upon a tender, is at law. But if any special ground is shown, as if an account or a discovery is wanted, or there has been an assignment of the pledge, a bill will lie." Nelson v. Owen, 113 Ala. 372, 376, 21 South. 75, 76.

[5] In the case before us, the fact that the assigned mortgage has been foreclosed by the pledgee, and thereby converted into land to which he has taken the legal title in himself as purchaser, very clearly calls for equitable relief to effectuate a complete redemption in favor of the pledgor. Rice v. Dillingham, 73 Me. 59. The case is also brought specifically within the exception noted above, by the showing that the pledgee has himself in effect assigned the pledge by mortgaging the land to the bank.

It follows that the bill here exhibited may be maintained for the purpose of redeeming the pledged security, which relief may be granted under the general prayer, supported by complainant's offer to do equity by paying whatever is due to the pledgee on his debt. In this aspect the bill is not subject to any of the grounds of demurrer interposed.

[6, 7] As in the case of mortgaged property, the pledgee must account to the pledgor for all the income, profits, and benefits derived by him from the pledged property while in his possession. Geron v. Geron, 15 Ala. 558, 50 Am. Dec. 143; 31 Cyc. 825, 3. The prayer of the bill for such an accounting is therefore a proper one.

There are several other aspects of the bill in which it would be demurrable if the appropriate grounds of demurrer were properly addressed and limited, as, however, they are not. Nevertheless, we deem it proper to refer to them here, in order that the bill may be hereafter disincumbered of such irrelevant matters.

[8-10] The right to disaffirm a mortgage foreclosure sale at which the mortgagee, or his assignee, has become the purchaser without authority to do so, is a right accorded by law to the mortgagor, or his privies, only, and is not available to third persons. Woodruff v. Adair, 131 Ala. 530, 32 South. 515. Complainant, as mortgagee, might have bought at his own foreclosure sale under this mortgage, subject to the mortgagor's right of disaffirmance. By his assignment of the mortgage to respondent Hicks, he armed Hicks with the same right, and complainant can no more disaffirm Hicks' purchase, on such ground, than he could his own, if he himself had foreclosed the mortgage. Of course, if Hicks had conducted the sale with fraud, or unfairness, or negligence, and with resulting prejudice to complainant, this would be a ground for impeachment; but the bill makes no such case.

[11] It follows, of course, that, the foreclosure being an accomplished fact, the prayer for another foreclosure is wholly inapt for the purposes and limitations of this proceeding.

[12, 13] Complainant's remedy is for the redemption of his pledge, and to that end he must pay what, upon a proper accounting, he is found to owe to Hicks. As an incident to that redemption, if decreed, he is also entitled to a decree for the reconveyance of the land from Hicks to himself.

[14] We have not, in the present state of the pleadings, considered the rights of the respondent bank from the standpoint of a bona fide purchaser for value of the mortgaged property. If upon answer and proof it should so appear, it seems clear that redemption from the bank's mortgage would be a prerequisite to redemption from the original pledgee; the amount paid therefor being theoretically applied as a credit on the debt due to the pledgee. There would be no practical difficulty here, however, since the mortgage debt is less than the pledge debt, and a decree for redemption against both respondents jointly, and for prior payment of the mortgage debt, would do full equity in any case.

The demurrers were properly overruled, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.