(93 South. 638)

**BARNETT et al. v. DOWDY.** (8 Div. 366.)

(Supreme Court of Alabama. June 8, 1922.)

**1. Pledges ⬳56(8)—Voidable foreclosure subject to be set aside at any time within two years.**

Where the attempted foreclosure of a pledge is voidable, it is subject to be set aside by pledgor at any time within two years after the attempted sale on pledgor bringing a bill to disaffirm and offering to do equity.

**2. Pledges ⬳56(6) — Rules relative to purchases by pledgees at sale same as in case of mortgagees.**

The rules respecting the purchase of the property pledged by pledgees are the same as the rules relating to the purchase by mortgagees of the property mortgaged.

**3. Pledges ⬳56(6) —' Unambiguous contract literally construed as to right of pledgee to purchase.**

Where a pledge contract is unambiguous with respect to right of pledgee to purchase at sale, it will be literally construed.

**4. Pledges ⬳56(6)—Ambiguous contract construed against pledgee as to right to purchase.**

Where the contract is ambiguous as to right of pledgee to purchase at sale, it will be construed against him.

**5. Pledges ⬳56(5)—Purchase by pledgee may be set aside within reasonable time after sale.**

A purchase by pledgee of the property pledged is not absolutely void, but within a reasonable time the sale is subject to be set aside by pledgor.

**6. Pledges ⬳56(8) — Pledgor has two years from date on which he learned of sale to pledgee to disaffirm.**

Pledgor has two years from the date on which he learned of the sale of the property pledged to pledgee to bring an action to disaffirm the sale.

**7. Appeal and error ⬳232(1½)—Ground of demurrer not raised at trial not before court on appeal.**

Where demurrer to bill is based on specific ground, other grounds cannot be urged on appeal.

**8. Equity ⬳241—On demurrer to bill allegations in answer not considered.**

On demurrer to bill the allegations of an answer cannot be considered.

**9. Equity ⬳275—Amendments relate back to filing of original pleading.**

Where a bill was seasonably filed, a demurrer on the ground that the claims against the new parties defendant, added by an amendment,

were barred by lapse of time, was without merit, as Gen. Acts 1915, p. 705, §§ 1 and 3, provide that amendments may be filed at any time before final decree by striking out or adding new parties, and all such amendments relate back to the filing of the original pleading.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by Lee Dowdy against J. G. Barnett and others. From a decree overruling demurrers, respondents appeal. Affirmed.

Street & Bradford, of Guntersville, for appellants.

The right to disaffirm foreclosure of a mortgage on ground that mortgagee purchased at his own sale is barred in two years. 130 Ala. 212, 30 South. 420; 88 Ala. 488, 7 South. 238, 16 Am. St. Rep. 55; 74 Ala. 452; 83 Ala. 120, 3 South. 309. The same rule applies by analogy to a sale of collateral at which the pledgee purchases. 21 R. C. L. 694; 80 Ala. 78, 60 Am. Rep. 85; 31 Cyc. 879; 197 Ala. 442, 73 South. 79; 201 Ala. 653, 79 South. 125. The allegation that complainant was ignorant of the collateral sale is insufficient as excuse for delay. 86 Ala. 173, 5 South. 440; 55 Ala. 525; 67 Ala. 45; 31 Ala. 115; 89 Ala. 341, 7 South. 416; 91 Ala. 467, 8 South. 404; 75 Ala. 58; 158 Ala. 318, 48 South. 507, 132 Am. St. Rep. 29.

D. Isbell, of Guntersville, for appellee.

Allegations of an answer in equity cannot be considered on hearing on demurrer. 93 Ala. 201, 9 South. 729. Defense of bona fide purchaser can be raised only by plea or answer. 129 Ala. 306, 30 South. 742; 184 Ala. 358, 63 South. 941. If pledgor did not know of the sale, or did not know that the pledgee had purchased at his own sale, he had two years from the time he became possessed of such knowledge within which to disaffirm. 87 Ala. 644, 7 South. 106.

THOMAS, J. The original bill was filed March 3, 1917, and the case was considered in Hicks v. Dowdy, 202 Ala. 535, 81 South. 37. As amended, the bill was sought to be made to conform to the pronouncements of the former decision, and was by the pledgor to disaffirm and redeem from the sale of collateral, to require the pledgee, purchasing at his own sale without authority, to account for the income, profits, and benefits derived from the pledged property while in possession of the pledgee as the alleged purchaser at foreclosure sale. The amendments bear date, respectively, of April 25, 1919, and September 28, 1920.

It was settled on first appeal that a suit for redemption by a pledgor will not lie at law without a tender; that, if any special ground is shown for resort to equity, as "if an account or a discovery is wanted, or there has been an assignment of the pledge, a bill will lie" upon complainant's offer to do equity, to pay whatever is due to the pledgee on his debt. There is analogy afforded by the decisions in cases where redemption was sought after foreclosure and the purchaser had sold and conveyed the mortgaged properties to several parties in different parcels, and actual tender was not required to be made. Snow v. Montesano Land Co., 206 Ala. 310, 89 South. 719; Francis v. White, 142 Ala. 590, 39 South. 174; Toney v. Chenault, 204 Ala. 329, 85 South. 742. The ground of demurrer challenging the bill as amended for failure of averment of due tender was properly overruled.

It should be stated, generally, that it is averred in the bill that on October 31, 1913, complainant, holding and possessing lands the subject of the litigation, sold to King and took a mortgage thereon to secure the balance of its purchase price, the payments being in installments (with interest) evidenced by notes due, respectively, on November 15th of the years 1914, to 1917, inclusive; that, after evidencing and securing this debt of $570 as indicated, complainant executed a note to one of respondents, Hicks, for $272, and deposited as collateral therefor the recited notes and mortgage; that during February, 1916, respondent Hicks sold or attempted to sell said collateral so pledged, and attempted to become the purchaser, and that no change in possession was made; that during the same month Hicks, as such holder of the collateral, sold the land under the King mortgage, which mortgage he held as collateral or as purchaser at the foreclosure of the same as a pledge, and thereafter executed and delivered to the Farmers' & Merchants' Bank a mortgage on said land. In less than two years after the attempted sale of the collateral and of the foreclosure by Hicks under the King mortgage complainant filed this bill, against W. P. Hicks, Emma Hicks, Farmers' & Merchants' Bank, J. E. Barnett, and Lum Tucker, to redeem the land, said bill containing a prayer for general relief. The former decision was to the effect that redemption after foreclosure was only available to the mortgagor King; that complainant's relief was redemption of the pledged property from the pledgee, upon paying the amount of the debt due; and that such relief was available to complainant, averring his readiness and willingness "to do equity," and submitting to the jurisdiction of the court, under the general prayer of the bill. The sufficiency of the bill in this particular was affirmed as upon any ground of demurrer interposed.

[1] Through later amendment, the bill prayed to be allowed to redeem the pledged notes and mortgage from the pledgee, who attempted to foreclose the same and to become the purchaser without authority. If the attempted foreclosure of the pledge is voidable, it is subject to be set aside by the pledgor at any time within two years after

the attempted sale, on a proper bill declaring the election to disaffirm and offering to do equity in the premises. Elrod v. Smith, 130 Ala. 212, 215, 30 South. 420; Mason v. American Mortgage, etc., Co., 124 Ala. 347, 349, 26 South. 900; Alexander v. Hill, 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55; Ezzell v. Watson, 83 Ala. 120;[1] Newburn's Heirs v. Bass, 82 Ala. 622, 2 South. 520; Sharpe v. National Bank, etc., 87 Ala. 644, 7 South. 106; Comer v. Sheehan, 74 Ala. 452; Whitlock v. Heard, 13 Ala. 776, 48 Am. Dec. 73; 21 R. C. L. 694, 695; 31 Cyc. 879b; 22 Am. & Eng. Encyc. 891 (i).

[2, 3] The rules respecting sales by pledgees and purchase thereat by the pledgees are the same as in the case of mortgagees. Gilmer v. Morris, 80 Ala. 78, 81, 60 Am. Rep. 85; Sharpe v. National Bank, supra; Boyett v. Hahn, 197 Ala. 439, 73 South. 79; First National Bank v. McIntosh, 201 Ala. 649, 653, 79 South. 121, L. R. A. 1918F, 353; 136 Am. St. Rep. 811, note. In such matters the terms of the contract eventuating in the deposit of the collateral or the pledge must be construed according to the words of the undertaking in order to determine the rights of the respective parties with respect to purchase at the sale thereof. See Manatee Co. State Bank v. Weatherly, 144 Ala. 655, 39 South. 988; Crawford v. Chattanooga Sav. Bank, 201 Ala. 282, 78 South. 58; Chattanooga Sav. Bank v. Crawford, 206 Ala. 530, 91 South. 316; Russell v. Garrett, 204 Ala. 98, 85 South. 420.

[4] It is only where the contract is ambiguous that it is construed in favor of him who has parted with his property upon the faith of the interpretation most favorable to his rights; and, if construed against the pledgor, the title having passed by a defective sale of the collateral or pledge, the same was subject to his equity, the right to ratify or disaffirm such voidable sale. Russell v. Garrett, supra, 204 Ala. 98, 101, 85 South. 420; Ala. Fid. & Cas. Co. v. Ala. F. & I. Co., 190 Ala. 397, 405, 406, 67 South. 318.

[5] A purchase by the bailee or pledgee of the subject of the bailment or pledge, at a public sale, is not absolutely void, but is voidable at the election of the party whose title is sought to be divested by such sale, if avoidance is sought within a reasonable time. Whitlock v. Heard, 13 Ala. 776, 48 Am. Dec. 73; Tucker v. Nagee, 18 Ala. 99, 104; Charles v. Dubose, 29 Ala. 367, 371; Jones v. Webster, 48 Ala. 109; Keeble v. Jones, 187 Ala. 207, 65 South. 384; Sharpe v. National Bank, supra; Russell v. Garrett, supra. The difference between a chattel mortgage and a pledge is well recognized (Oden v. Vaughn, 204 Ala. 445, 85 South. 779), and is immaterial as to the relief sought by the bill as amended (Hicks v. Dowdy, 202 Ala. 535, 81 South. 37).

[6] Testing the bill by demurrer, its allegations are taken as true; and the bill as amended alleges that complainant did not know of the sale of the collateral, and that Hicks had attempted to become the purchaser of the property so pledged until June 21, 1920, the date of filing defendant's answer. If this be true, complainant had two years from that date to file the instant bill, as now amended, to disaffirm. The bill as amended was seasonably filed as to original respondents.

[7] The cause was submitted on demurrer of J. G. Barnett and J. W. Brown, incorporated in their answer; and from an adverse decree these respondents appeal. If a bill is challenged by demurrer of a party on the ground that he is not shown to be a proper party, and on appeal by such party in adverse judgment due assignment of error is insisted upon in argument of counsel, the effect thereof is to question the right to make him a party to the litigation. If judgment on the demurrers is adverse to him and no review of such judgment is sought, it will be treated as an abandonment of the objection. Davenport v. Bartlett & Waring, 9 Ala. 179; Hodge v. Joy, ante, p. 198, 92 South. 171.

[8, 9] The allegations of an answer in equity cannot be looked to on hearing the demurrer. Werborn's Adm'r v. Kahn, 93 Ala. 201. The amendment challenged was:

"Comes complainant and amends his original bill in this cause by striking out as party defendant the name of J. E. Barnett and adding thereto as parties defendants the following names, to wit: J. G. Barnett and J. W. Brown. Filed March 26, 1921. J. H. Carter, Register."

The bill as amended does not show J. G. Barnett and J. W. Brown to be necessary parties; but their demurrers fail to challenge the bill for such omission, and will be treated as waived. The grounds of demurrer insisted upon in argument and assigned as error are that more than two years have elapsed from the time of foreclosure, and the right of redemption is barred by lapse of time. The bill being seasonably filed, such is the effect of the amendments.

The statute of 1915 (page 705 of General Acts) provides that "amendments to bills in equity may be filed as a matter of right at any time before final decree, by striking out, or adding new parties or to meet any state of evidence which will authorize relief," etc. (section 1), and all such amendments to bills and answers "relate back and become a part of the bill, or answer amended, as fully as though the amendment had been incorporated in the bill or answer when filed" (section 3). Whatever questions there might be as to whether appellants J. G. Barnett and J. W. Brown are subsequent innocent purchasers for value of the land or property involved in this litigation, and as such entitled

[1] 3 South. 309.

tó protection, cannot be availed of by demurrer. If they have such defense, they must set up the same by proper pleading and adduce satisfactory proof thereof. Such is the conclusion in favor of appellee on former appeal, the justice saying:

"We have not, in the present state of the pleadings, considered the rights of the respondent bank from the standpoint of a bona fide purchaser for value of the mortgaged property. If upon answer and proof it should so appear, it seems clear that redemption from the bank's mortgage would be a prerequisite to redemption from the original pledgee; the amount paid therefor being theoretically applied as a credit on the debt due to the pledge. There would be no practical difficulty here, however, since the mortgage debt is less than the pledge debt, and a decree for redemption against both respondents jointly, and for prior payment of the mortgage debt, would do full equity in any case."

The demurrers were properly overruled; and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.