(105 So. 656)

### HICKS et al. v. DOWDY. (8 Div. 674.)

(Supreme Court of Alabama. June 30, 1925. Rehearing Denied Oct. 22, 1925.)

1. **Pledges** ⬥⬥⬥56(8)—**Equitable limitation of two years in which to disaffirm and redeem subject to exceptions, where special circumstances excuse delay.**

Equitable limitation of two years, as applied to pledgor's suit to disaffirm and redeem from sale of property pledged, is subject to exceptions, where special circumstances excuse the delay.

2. **Appeal and error** ⬥⬥⬥193(1)—**Question as to sufficiency of allegations of bill not available on appeal, where no objection taken by demurrer.**

In suit to redeem from foreclosure of pledged property, question as to sufficiency of allegations of bill to excuse pledgor's want of knowledge of foreclosure cannot be availed of on appeal, where no objection was taken by demurrer to sufficiency of allegations.

3. **Pledges** ⬥⬥⬥56(7)—**Decree for accounting and redemption of pledge should have been limited to pledgee and dismissed as to purchasers of pledged property.**

In suit to redeem pledged property sold at foreclosure sale by pledgee, decree for accounting and redemption of pledge should have been limited to pledgee and dismissed as to purchasers of pledged property, where it did not appear that person purchasing pledged property at foreclosure sale did so as agent for pledgee.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Lee Dowdy against W. P. Hicks and others. From a decree for complainant, respondents appeal. Affirmed in part, and reversed and rendered in part.

See, also, 202 Ala. 535, 81 So. 37; 207 Ala. 641, 93 So. 638.

Street & Bradford, of Guntersville, for appellants.

As collateral holder of the mortgage of King to Dowdy, Hicks had the right to foreclose, and in doing so he was acting in his own right, and not as trustee for Dowdy, except as to any surplus remaining after payment of his debt. Code 1907 § 4896; Martinez v. Lindsey, 91 Ala. 334, 8 So. 787. Buell v. Underwood, 65 Ala. 285; Johnson v. Beard, 93 Ala. 96, 9 So. 535; Ward v. Ward, 108 Ala. 278, 19 So. 354; Wildsmith v. Tracy, 80 Ala. 258; Hayes v. Woods, 72 Ala. 92; Graham v. Newman, 21 Ala. 497; 31 Cyc. 867, 886; 27 Cyc. 1498. Hicks being guilty of no wrong in foreclosing the mortgage, and Strange having purchased for his own benefit, Hicks had the right to repurchase from Strange, and did not thereby become a trustee for complainant. 27 Cyc. 1484; Durden v. Whetstone, 92 Ala. 480, 9 So. 176; Windes v. Russell, 150 Ala. 625, 43 So. 788; Rainey v. McQueen, 121 Ala. 191, 25 So. 920; Cooper v. Hornsby, 71 Ala. 62. The limitation to set aside an irregular collateral sale is two years. Barnett v. Dowdy, 207 Ala. 641, 93 So. 638; Ezzell v. Watson, 83 Ala. 120, 3 So. 309; Comer v. Sheehan, 74 Ala. 452; Alexander v. Hill, 88 Ala. 488, 7 So. 238, 16 Am. St. Rep. 48. Mere ignorance of complainant, not superinduced or perpetuated by any act of Hicks, does not toll the limitation. James v. James, 55 Ala. 525; Scruggs v. Decatur Co., 86 Ala. 178, 5 So. 440; Underhill v. Missouri Fire Co., 67 Ala. 45; Martin v. Branch Bank, 31 Ala. 115; Tillison v. Ewing, 91 Ala. 467, 8 So. 404; Van Ingin v. Duffin, 158 Ala. 322, 48 So. 507, 132 Am. St. Rep. 29. The statute of limitation, prescription, or laches continues to run in favor of a person made a party defendant by amendment until the making of the amendment. Seibs v. Englhardt, 78 Ala. 508; Wilson v. Holt, 91 Ala. 208, 8 So. 794; King v. Avery, 37 Ala. 169; Mohr v. Lemle, 69 Ala. 180; 25 Cyc. 1302. If complainant desired to disaffirm the sale, it was his duty to do so before the land passed into the hands of a bona fide purchaser. 27 Cyc. 1485.

Isbell & Scruggs, of Guntersville, for appellee.

The bill as here presented has equity. Hicks v. Dowdy, 202 Ala. 535, 81 So. 37; Barnett v. Dowdy, 207 Ala. 641, 93 So. 638. The complainant has the right to redeem the pledged property from the pledgee. Authorities supra. The amendment making Barnett and Brown parties related back to the time

---

⬥⬥⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of filing the original bill. Gen. Acts 1915, p. 705; Code 1923, § 6560.

SOMERVILLE, J. The original bill of complaint in this cause was filed primarily for the purpose of redeeming certain land from the respondent Hicks; the bill showing that Hicks, as pledgee of a note and mortgage executed by one King, to complainant to secure complainant's debt of $272 to Hicks had foreclosed the mortgage as assignee of the power, and had himself, without authority to do so, become the purchaser at the sale. Hicks v. Dowdy, 202 Ala. 535, 81 So. 37. The bill was assailed by numerous grounds of demurrer, and on that appeal it was held that complainant could not redeem the land from the mortgage sale, since only the mortgagor had the right to disaffirm for the unauthorized purchase by the mortgagee, pledgee; but it was further held that the allegations of the bill, coupled with an offer to do equity by paying to Hicks the amount of his pledgee debt, made a case for relief, under the general prayer of the bill, by redemption from the pledge, and the bill was retained for that purpose. It was also held on that appeal that a foreclosure of the mortgage by Hicks, without a prior foreclosure of the pledge, by a sale at which Hicks became the purchaser of the land, wrought no change in the status of the property as between the pledgor Dowdy and the pledgee Hicks, however it might have affected the mortgagor.

The effect of those principles is that any purchaser of the land from Hicks, after foreclosure by him, if charged with notice that Hicks was in fact the purchaser at his own sale, took the land subject to the rights of Dowdy as redemptioner of his pledge. Under those circumstances Hicks would have been a mere trustee for Dowdy, and any purchaser from Hicks would have stood in the shoes of Hicks, and would have held the land subject to the same trust in favor of Dowdy.

Following the first appeal, the bill was amended by eliminating from it the aspect of a redemption of the land from the mortgage sale, and by inserting appropriate allegations for a redemption of the pledge; the allegation being that the pledgee had attempted to foreclose the pledge, and had without authority purchased at his own sale. The bill was also amended by bringing in J. G. Barnett and J. W. Brown as parties respondent. From an adverse ruling on their demurrers to the bill as thus amended, the several respondents appealed, and the decree of the trial court was affirmed; the bill being held good as against the grounds of demurrer filed. Barnett v. Dowdy, 207 Ala. 641, 93 So. 638. On that appeal it was said:

"The bill as amended alleges that complainant did not know of the sale of the collateral, and that Hicks had attempted to become the purchaser of the property so pledged until June 21, 1920, the date of filing defendant's answer. If this be true, complainant had two years from that date to file the instant bill, as now amended, to disaffirm. The bill as amended was seasonably filed as to original respondents."

It was also ruled that, as to the respondents Barnett and Brown, the amendment making them parties related back to the filing of the original bill, under the provisions of the Act of September 22, 1915 (Gen. Acts 1915, pp. 705, 706); and their rights, if they were shown to be bona fide purchasers of the land for value, were reserved for the final hearing on proof.

We do not think that any of those questions presented by demurrer to the bill, original and amended, are open for review on this appeal, since no material amendment has been made to the bill, nor any new grounds of demurrer added, since the last appeal.

[1] Counsel for appellant insist with much earnestness upon the proposition that the evidence does not show that complainant Dowdy ever plainly elected to disaffirm the foreclosure sale of the pledge until his amendment of the date of September 28, 1920, the foreclosure sale in question having occurred on January 7, 1916, and the original bill having been filed on March 3, 1917; and hence it is insisted complainant is barred by the equitable limitation of two years, as pleaded in the answer. But, in view of the latent potentiality of the bill as shown on the first appeal (202 Ala. 535, 81 So. 37), and the decision on the last appeal (207 Ala. 641, 93 So. 638, 640), the disaffirmance relied on was not barred under the evidence. The two-year rule is subject to exceptions when special circumstances excuse the delay. Kelley Realty Co. v. McDavid, 211 Ala. 575, 100 So. 872.

[2] As a question of pleading, no objection was taken by the demurrer to the sufficiency of the allegations of the bill to excuse the want of knowledge of the pledge foreclosure pleaded by complainant; hence that question cannot be availed of on appeal.

We think there is but one other question of decisive importance presented by the record: Did Hicks purchase at his own foreclosure sale of the land under the King mortgage, or was Strange the real, as well as the nominal, purchaser in his own right? If Strange was the actual purchaser, he could and did pass a good title to Hicks by his subsequent conveyance to him, and Hicks conveyed a good title to the bank, as mortgagee, and to Barnett and Brown, as purchasers, subject only to King's right to redeem within two years from the foreclosure sale.

[3] Our examination of the evidence discloses nothing to justify the finding that Strange purchased at the foreclosure sale as a mere agent or conduit for Hicks. This leads to the conclusion that the land in controversy has passed beyond the reach of redemption at the suit of complainant, Dowdy, and that the decree of the trial court, though it correctly granted relief by way of redemp-

tion of the pledge from Hicks, erroneously subjected the respondents the Farmers' & Merchants' Bank and Barnett and Brown, to the same decree in derogation of their valid title. The bill should have been dismissed as to them, and the decree for accounting and redemption of the pledge should have been limited to the respondent Hicks.

The redemption of the pledge from Hicks cannot affect the title of the other respondents derived from the mortgage sale, and the practical effect of such a redemption will of necessity be limited to an accounting for the proceeds of the mortgage sale, offset, of course, by the debt due on the pledge.

Other questions argued have no bearing or influence on the merits of the case as we view it.

The decree of the circuit court in equity will be reversed as to all of the respondents except Hicks, and a decree will be here entered dismissing the bill as to them. In so far as the decree grants relief against Hicks for an accounting and for redemption of the pledge, it will be affirmed.

Affirmed in part, and reversed and rendered in part.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.